MOHRMAN
*v.*
OHSE.

---

THOMAS G. MACKEY *v.* WILLIAM E. THOMPSON.

Where plaintiff fails to claim a balance of account he cannot have judgment therefor. The prayer of the petition is all that the court can decide upon.

APPEAL from the Fourth District Court of New Orleans, *Allen,* J. *J. Ad. Rozier* for plaintiff. *Durant & Hornor* for defendant.

HYMAN, C. J. The plaintiff in this case claims judgment against defendant, for services alleged to have been rendered as superintendent on the Marshfield plantation, in the parish of Plaquemines, from the 8th December, 1853, to 8th June, 1857, at the rate of $3,000 per annum, as per contract alleged in his petition.

Defendant answered by a general denial, and then averred that plaintiff was not to receive any wages; that, on the 22d November, 1856, there was an agreement to pay plaintiff, from that date, $500 a year. He asked, in reconvention, judgment against plaintiff for $871 20, balance of account.

The court below rendered judgment in favor of plaintiff for $4,910 90, with costs.

Defendant has appealed.

In the year 1853, plaintiff, as an insolvent, sued his creditors, was appointed their syndic, and as such, sold by order of court, in December, 1853, to defendant, said plantation, then the residence of plaintiff.

Plaintiff remained with his family on the plantation, and superintended it, until the 8th June, 1857, when he left it, with defendant's consent. At times he was absent. The plantation did not pay expenses.

On the 22d November, 1856, plaintiff wrote a long letter to defendant, in which he made an offer for wages. In this letter he said : " You ask me if I was willing to give up politics, and enter soul and body into business." He proposed therein to erect a rice mill on the plantation; which, he stated, would be very profitable; also proposed to attend to the plantation and mill, and wrote as follows: "As I have got nothing at this time, I should be compelled to have about $500 per year; but, if the mill

MACKEY
*v.*
THOMPSON

and plantation pay well, I should look to be paid well also; and, if they do not pay well, I will ask for nothing except the $500."

This proposition was accepted by defendant.

It is strange that plaintiff should think of reducing his wages from $3,000 a year to $500, when he was proposing to increase his labors, greatly to the profit of defendant.

Defendant presented plaintiff an account, showing the transactions between them from 1853 to June, 1857.

Plaintiff took this account, examined it, and returned it with his objections.

In the account, no credit is given to plaintiff for wages, and he made no objection whatever to the same, for that cause.

As plaintiff did not object to defendant's account in regard to omission of credit for wages; and, as he said on the 22d November, 1853, that he got nothing for superintending the plantation, we are of opinion that he is not entitled to any wages up to that date; but, from that date to the 8th of June, 1857, he is entitled to them, at the rate of $500 per annum, as agreed upon.

Defendant, to sustain his demand in reconvention, produced his account, with the objections of plaintiff thereon.

These objections clearly show a balance due to plaintiff; but, as he has failed to ask judgment for that balance, we cannot grant it.

This suit has been revived in the name of John R. Zehender, administrator of the succession of the deceased plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that there be judgment against defendant on his claim in reconvention, and that John R. Zehender, administrator of the succession of Thomas G. Mackey, deceased, have judgment against defendant for the sum of two hundred and seventy-one dollars and twenty cents, with interest thereon at the rate of 5 per cent. per annum, from the 11th day of January, 1858, till paid.

The plaintiff is to pay the costs of this appeal.

JONES, J., absent.