## MARY SMITH *versus* MICHAEL GORMAN & al.

A wife cannot maintain an action against her husband.

If, in an action against him by the wife, he fails properly to plead the coverture in bar, and the case is determined in his favor, he is not entitled to recover costs.

Where the questions in issue in a suit have been referred, under rule of Court, no exception to the misjoinder of parties can be taken advantage of on the acceptance of the report, unless the objection is specially set forth and submitted to the Court.

It is within the discretion of the presiding Judge to grant delay, on the acceptance of the report of referees.

Referees may receive or reject testimony, which at common law would be inadmissible. They are the exclusive judges of the force and effect of the testimony received, and of the legal rights of the parties resulting therefrom.

ON EXCEPTIONS to the acceptance of a referee's report. From *Nisi Prius*, APPLETON, J., presiding.

This was an action of trover to recover for certain personal property held by the plaintiff in her own right, and alleged to have been converted by the defendants to their own use, one of the defendants being, in fact, the husband of the plaintiff. By a rule of Court, the action was submitted to a referee, who made a report thereon against Gorman, but found the other defendant, (the husband of the plaintiff,) not guilty, and awarded him costs for travel and attendance, if in the opinion of the Court he was entitled thereto. The counsel for defendants objected in writing to the acceptance of the report, and moved for delay, for reasons indicated in the opinion, which the Court refused, and ordered the report to be accepted.

The Court also ruled, that John Smith, one of the defendants, who was found *not guilty*, was not entitled to his costs against the plaintiff, he being her husband.

To which decisions of the Court, the defendants excepted.

*Carlton*, for plaintiff.

An award of a referee is not examinable, except on the ground of corruption, gross partiality or evident excess of power, which must appear upon the report, or be proved. *North Yarmouth* v. *Cumberland,* 6 Maine, 21; *Dean* v. *Coffin,* 17 Maine, 52; *Patten* v. *Hunnewell,* 8 Maine, 19; *Boston Water Power Co.* v. *Gray,* 6 Metc. 131.

Where a party defendant has a good defence at law, and submits the action to referees in the usual form, he refers all questions of law and fact to their judgment; and it is no ground for rejecting the report that it is against law. *Walker* v. *Sanborn,* 8 Maine, 288; *Portland Manuf. Co.* v. *Fox,* 18 Maine, 117.

Smith *v.* Gorman.

The refusal of the Judge to grant the delay asked for by defendants, to prove the misconduct of the referee, was purely a discretionary power, and not subject to exceptions.

Where objections are made to the award of a referee, on the ground of misconduct of the referee, the allegations should be proved; and exceptions taken to the order of the Judge accepting the report, without proof of such allegations, cannot be sustained. *Patten* v. *Hunnewell*, 8 Maine, 19.

All the objections of defendants as to the illegality of the process, if any existed, and also to the proceedings thereon, were covered and cured by the submission and the award of the referee, he having passed upon the legality or illegality.

The award might well hold Gorman guilty, and discharge Smith as not guilty, the action being for a tort; and it is no objection to the holding Gorman guilty, that Smith, the husband, was joined, for if he could not legally be made a party, then it is as though he was never joined, and the action in contemplation of law is against Gorman alone; and the allegation in the writ, that the property was converted by said defendants, applies to Gorman alone. R. S., c. 1, § 3.

*Clay* and *Danforth*, for defendant.

1. By c. 168, of the laws of 1845, exceptions will lie to the order of the Court, accepting or rejecting the report of a referee. The principles of the law on which a report will be rejected, are fully discussed in the case of *B. Water Power Co.* v. *Gray*, 6 Met. 131.

By this authority it seems, that a mistake in a matter of law inadvertently made, will be a cause for rejecting a report.

2. That the referee intended to decide the liability of the husband to answer in an action in favor of his wife, correctly, or rather leave it for the Court to decide that question, appears from the provision he made in regard to costs for defendant Smith. Although he has found defendant Smith, to be husband of the plaintiff, he has adjudicated with regard to him, the same as though he was not; indicating at least, that in making this decision, that question was overlooked, and an

inadvertent mistake made; for a wife cannot maintain an action against her husband.

3. The writ should have been abated. There being two defendants does not help the matter, for the writ is one, and is either good or bad.

4. Neither does it help the matter, that the action is in form *ex delicto*. For if the husband could not be guilty of a conversion so as to make him liable to the action, another person could not be guilty jointly with him. Neither could the other defendant be holden on the ground, that in actions of tort one may be discharged and another holden.

Appleton, J.—The writ in this case discloses no relationship between the plaintiff and either of the defendants. So far as the proceedings upon their face afford any indications, the action was rightly commenced.

At the return term a plea in abatement, alleging the plaintiff to be the wife of the defendant Smith, was filed.

By the common law a wife can only enforce her rights in conjunction with her husband. By statute 1848, c. 73, the wife is authorized to bring an action in her own name in vindication of her rights. So far as the statute gives her authority, she may commence and prosecute suits and no further. By § 1, "she may commence, *prosecute* and *defend* any suit in law or equity to final judgment and execution in her own name, in the same manner as if she were unmarried, *or she may* prosecute or defend *such* suit *jointly* with her husband." The statute is in derogation of the common law, and is not to be construed as giving the wife a right of action against the husband, unless it results from the express terms of the statute, or from necessary implication. The alternative is given to the wife to sue in her own name or "jointly with her husband." The authority is in the alternative, and in either case is co-extensive. As the husband and wife cannot "jointly" maintain an action against the husband, so neither can the wife alone. So the right of prosecution and of defence is co-extensive. If the wife may sue the husband,

the husband may sue the wife. 'The statute gives no mutual right of action between each other, to the husband and wife, and none such exists by the common law.

The suit could not have been successfully maintained against the husband, if he had properly pleaded the facts upon which he relied. His plea, being found upon demurrer to be fatally defective, was overruled, and a *respondeas ouster* awarded.

.The case then stood for trial. The writ and pleadings disclosed no facts duly pleaded, on account of which the suit should be abated.

At a subsequent term it was referred by rule of Court. The referee awarded damages in favor of the plaintiff against the defendant Gorman, and made a special report setting forth that the defendant Smith was the husband of the plaintiff, and submitted the question, whether or not he was entitled to costs, to the determination of the Court.

The counsel for the defendant filed objections to the acceptance of the report of the referee, which were all overruled by the presiding Judge.

In an action of trover against two or more defendants, the judgment may be against all or a portion of the defendants, as the facts may be established by the proof adduced. No exception to the misjoinder of parties can be taken advantage of on the acceptance of the report, unless they are specially set forth and submitted to the Court.

There was an allegation of misconduct on the part of the referee. The counsel for the defendant made an affidavit setting forth the facts he expected to prove, and the ground of such expectation, and requesting delay that he might furnish such proof. Whether he was entitled to delay was a matter of discretion. The Court may have regarded the facts proposed to be proved as immaterial; or, if material, that no sufficient reason was afforded for granting the requested delay. It is immaterial on which ground a postponement was denied. It was discretionary with the Judge in either case.

The referee was at liberty to receive testimony which by the rules of the common law would be inadmissible, or to re-

ject it. Of the force and effect of the evidence received, and of the legal rights of the parties resulting therefrom, he was the selected and exclusive judge.

The husband not being liable to the suit of the wife cannot recover costs against her. The right to issue execution against her alone is derivable only from the statutes relating to this subject. The executions which may be issued under § 2, of the statute of 1848, c. 73, are limited to "such suits" as she may commence and prosecute by virtue of § 1. But, as has been seen, § 1 does not authorize a suit by the wife against the husband. Neither does it allow an execution to issue in favor of the husband against the wife. So great a change of the common law should be established by the clear language of a statute, or by necessary implication. Nothing indicates such to have been the intention of the Legislature.

*Exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.