CLAREMONT BANK v. LUCY CLARK, TR.

In an action against several principal defendants, the fact that a woman summoned as trustee is the wife of one of these principal defendants is not of itself in this State sufficient to excuse her from making a disclosure, or from answering material questions as to her title to certain lands which were attached in the suit, and of which her husband was in possession at the time of the attachment.

THE action was against the White Mountains Railroad and others, as principal defendants, and Lucy Clark and others, as trustees.

Lucy Clark filed the usual plea, and the plaintiff elected to take her disclosure.   Her disclosure was as follows :—

"Interrogatories proposed by A. F. Snow, Att'y for the plaintiffs, to said Lucy Clark, sued as trustee aforesaid :

*Int.* 1.   Had you at the time of the service of the plaintiffs' writ upon you, or have you at any time since had, any money, goods, chattels, rights or credits of the defendants, or any of them, in your hands or possession? ·

*Ans.*   I am advised by my counsel that, being the wife of Morris

Clark, one of the defendants in this suit, I cannot be made liable as trustee; I therefore decline answering this or any other question, unless by order of the court.

*Int.* 2. Why, if at all, were deeds taken running to you of the lands in Whitefield, of which your husband, Morris Clark, was in possession at the time they were attached on the plaintiffs' writ? What was the consideration really paid for such conveyances? When, how and by whom was it paid?

*Ans.* I decline answering for the reason above stated."

The questions arising upon the disclosure were reserved.

*Snow,* for plaintiff.

*Burke & Waitt,* for Lucy Clark.

BARTLETT, J. By the statutes of this State a married woman may, under certain circumstances, make contracts, and with her husband even, which will be valid at law ; *Albin* v. *Lord*, 39 N. H. 196 ; and in various cases may sue and be sued in her own name as if she were sole and unmarried ; R. S. ch. 149, sec. 3 ; Laws 1846, ch. 327, sec. 4 ; Laws 1860, ch. 2342, sec. 3 ; *Jordan* v. *Cummings*, 143 N. H. 34 ; *Ames* v. *Foster*, 42 N. H. 382. The terms of these statutes are so broad as to allow, in certain instances, suits at law between husband and wife, and they are not coupled with any alternative clause like that in the statute of Maine, upon which the decision in *Smith* v. *Gorman*, 41 Me. 405, is placed by the court; and this natural construction of the language of these statutes is required by their general design. *Albin* v. *Lord*, 39 N. H. 203. In the present case, as Mrs. Clark may be liable as the trustee either of her husband or of others of the defendants, notwithstanding her coverture, the mere fact that she is the wife of one of the defendants is insufficient to excuse her from answering the first question.

The thirty-third section of ch. 208 of the Revised Statutes provides that "when real estate shall be attached on any such process, any person summoned as trustee in such process may be required to disclose the grounds of his claim, if any he have, to the same ; and if it shall appear on the disclosure that it was conveyed to him to prevent its being seized on mesne process or execution against the principal debtor, or for the purpose of delaying or defrauding any creditor, or that he holds the same by a title apparently absolute, but which is in fact on any trust for such debtor or other person, judgment shall be rendered against such trustee for costs ;" and we do not think that the simple fact that the trustee is the wife of the defendant, Morris Clark, is of itself a sufficient excuse for her not answering the second question ; for her answer may be material both as respects her husband and his co-defendants— *Bell* v. *Kendrick*, 8 N. H. 522. Whether the provisions as to costs in the section cited apply to married women, and whether our present statutes have in any respect modified the general rule that made the wife of a debtor incompetent to testify for the plaintiff in an issue between

him and the trustee, (see *Coburn* v. *Mellen*, 19 N. H. 198,) are questions not now before us.

The trustee must be defaulted unless she obtain leave at the trial term to make a further disclosure.