Mary Heyob, Wife of Joseph Bourdette, v. Her Husband.

Mary Heyob, Wife of Joseph Bourdette, *v.* Her Husband.

*A married woman cannot sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by her marriage contract: but in every case she cannot sue, without the authorization of the Court before which she brings her action.*

APPEAL from the Fourth District Court of New Orleans, *Theard,* **J.** *J. Ad. Rozier* and *Charles E. Reynes,* for plaintiff and appellant. *L. S. Tissot,* for defendant.

| | |
|---|---|
| 18 | 41 |
| 46 | 125 |
| 18 | 41 |
| 52 | 307 |
| 52 | 308 |
| 18 | 41 |
| 104 | 8 |
| 18 | 41 |
| 105 | 743 |
| 18 | 41 |
| 116 | 133 |

Howell, J.  The plaintiff, a married woman, alleges that, in October, 1856, she obtained a judgment of separation of property against her husband, which was executed by a notarial act of settlement between them ; that, some time thereafter, her husband abandoned the common domicile, and has since neglected to provide, as he is bound to do, for her maintenance as his wife, and has continued to live in open concubinage with a prostitute; that she has had to pay the rent of her dwelling and all her household expenses ; that, in the settlement of the community, he concealed from her, and failed to include, about $20,000 in bank and other stocks, the one-half of which she claims.   She prays that she be authorized to sue her husband, and that he be condemned: 1. To reimburse to her the rent and expenses she has paid since his abandonment of the common dwelling ; 2. To pay to her $10,000, the half of the bank stock not included in the settlement of the community; and, 3. To receive her under a roof, where her dignity as a woman and a wife will not be disgraced by the presence of his concubine; and, in default thereof, that he be condemned to provide for her maintenance, at the rate of $150 per month.

The defendant excepted to the petition, on the grounds : 1. That the plaintiff was not authorized to institute this suit ; 2. That he had sued plaintiff in the Third District Court for a separation of bed and board, in which suit all questions relating to the conduct and pecuniary rights of both parties are pending ; and, 3. That the petition sets forth no cause of action.

These exceptions were overruled, an answer was filed, a trial had, and judgment rendered in favor of defendant, from which plaintiff appealed.

Article 105, C. P., declares that "a married woman cannot sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by her marriage contract; but in every case she cannot sue without the authorization of the Court before which she brings her action."

The plaintiff obtained an order of Court authorizing her to bring this suit ; but we are of opinion that it is not one which she can maintain

against her husband during marriage, as provided by the foregoing article of the Code of Practice. No one of her demands comes within the provisions of said article. The marriage is not dissolved, and she does not sue for a separation from bed and board, or divorce, nor a separation of property, nor for the restitution and enjoyment of her paraphernal property; nor is she claiming any rights under or by virtue of a marriage contract.

The plaintiff has not presented herself in the position before the Court to obtain a judgment for alimony, nor for specific property alleged to belong to the community; and we think the exception, that no legal cause of action is shown, should have been maintained.

It is therefore ordered that the judgment of the lower Court, although rendered in favor of the defendant on the merits, be avoided and reversed, and that the exception of defendant be maintained, and plaintiff's suit dismissed, with costs in both courts.