Hon. ZENON LABAUVE,  
Hon. JOHN H. ILSLEY,  
Hon. R. K. HOWELL, } *Associate Justices.*  
Hon. J. G. TALIAFERRO,

## LOUISA MOORE *v.* THOMAS MOORE.

A married woman cannot sue her husband for alimony, except incidentally in a principal demand, for separation from bed and board, or divorce.

APPEAL from the District Court, Parish of Caddo, *Weems*, J. *T. T. & A. D. Land*, for appellant. *Looney & Wells*, for appellee.

LABAUVE, J. This case was returnable at the last term of this Court, held at Natchitoches, and by consent of counsel on both sides was submitted to us, to be finally disposed of at Opelousas or New Orleans.

This suit is brought by plaintiff against the defendant, her husband, for alimony. After having alleged her grounds of action, she prays that her said husband, Thomas Moore, be condemned to pay her in quarterly payments the sum of five thousand dollars, as alimony, so long as her said husband shall refuse to give her that support and protection which the law of his marriage contract imposes upon him.

The defendant filed the following exception :

In this case now comes the defendant Thomas Moore, and presents that the petition in this cause presents no ground of action, in this : That the law does not give to a married woman alimony, except provisionally in same cause; that in this cause the plaintiff seeks not a separation or a divorce, nor does she ask the remedy of the Court to cause a return to the matrimonial domicil, etc.

This exception having been ruled to stand as a part of the answer, the defendant afterwards answered by pleading a general denial, etc.

The Court, after hearing the testimony, gave judgment in favor of defendant, as in a case of nonsuit, and the plaintiff appealed.

The defendant, in this Court, insists on his exception to the right of action. The general rule is that a wife has no right of action against her husband; but there are exceptions, which are indicated in Article 105 of the Code of Practice, where it is said : "A married woman cannot sue her husband, as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by marriage contract."

This article prohibits, in the strongest words, any action by the wife against her husband, except those enumerated in it. She *cannot* sue.

This article is found in chapter 5 of the Code, designating *what persons are entitled to bring actions*. This very question was presented in the case of *Bourdette* v. *Her Husband*, page 41 of 18th An.; and we there decided that a married woman could not sue her husband for alimony, except incidentally in a principal demand, for separation from bed and board, or divorce. We have reconsidered the question, and are still of the same opinion.

We are satisfied that the judgment rendered below is in accordance with law.

Judgment affirmed, with costs.