THANKFUL CROWTHER *versus* JOHN W. CROWTHER.

R. S., c. 61, § 3, does not enable a married woman to maintain an action against her husband on a note given by him to her.

ON FACTS AGREED.

ASSUMPSIT upon two promissory notes, signed by the defendant and payable to the plaintiff; one dated Dec. 22, 1859, for $375, and the other May 12, 1860, for $700, payable on demand with interest. Writ dated May 10, 1866. Plea, general issue, with specifications of defence. It was admitted that the notes were given for a valuable consideration, delivered by the defendant to the plaintiff, on May 12, 1860; and that the plaintiff then was and still is the lawful wife of the defendant.

The Court to enter such judgment as the law required.

*J. & E. M. Rand*, for the plaintiff.

R. S., c. 61, § 3, is broad enough to support the action, and it should be so construed as to make it effectual for the protection of the private property of married women, even in the hands of their husbands.

The defence cannot be made under the general issue. Objection should be presented by plea in abatement.

Crowther *v.* Crowther.

*Howard & Cleaves,* for the defendant.

APPLETON, C. J. — The case comes before us on an agreed statement of facts, and the question presented is whether a wife can maintain a suit against her husband on a note given her by him.

At common law such a suit could not be maintained. By R. S., 1857, c. 61, § 3, the wife is authorized to "prosecute and defend suits at law or in equity for the preservation and protection of her property, as if unmarried, or may do it jointly with her husband." This section manifestly refers to suits by the wife against third persons and empowers her to maintain an action in her own name or in the joint names of herself and husband, at her election. It does not contemplate a suit by the wife against the husband, nor that he should be arrested and imprisoned at her instance. Such has been the uniform construction of this and similar statutes in this State and in Massachusetts. *Smith* v. *Gorman,* 41 Maine, 408; *Jackson* v. *Parks,* 10 Cush., 550; *Ingham* v. *White,* 4 Allen, 412. If the present statutes do not adequately protect the rights of the wife, it is for the Legislature to make such further provision for their protection as it may deem expedient. *Plaintiff nonsuit.*

KENT, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.