CooiiEY, Ch. J.:
The bill in this case was filed to foreclose a mortgage given by the defendant William Ruckman to complainant on the 24th day of June, 1871, to indemnify complainant for having become security for said Ruckman on certain specified notes, and also against future liability as endorser or acceptor of the mortgagor’s paper to an amount not exceeding ten thousand dollars. The mortgage was duly acknowledged and recorded, *78 and complainant claimed to have paid seven thousand dollars for Ruckman for which he was entitled to indemnity under it. Lewis Emery, Jr., was made defendant a* subsequent purchaser, and he alone defends.
Emery’s defense is, that when the mortgage was given Ruck-man and himself were partners in trade carrying on the business of millers on the premises, of which what was mortgaged to complainant constituted an undivided half; that the premise's were partnership property; that Ruckman was largely indebted to the partnership at the time the *mortgage was given, which fact was well known to complainant; that the co-partnership was dissolved August 10, 1SV2, being then insolvent, and leaving nothing to pay the indebtedness of Ruckman to the firm except his interest in this real estate, and that Ruckman conveyed such interest to Emery in payment of his indebtedness as far as it would go, but that it fell far short of full payment. This is all that it is important to state regarding the defense set up, and it will be seen that it depends wholly upon the alleged fact that the land when Ruckman gave the mortgage was, as complainant well knew, partnership property.
The land was not conveyed to Ruckman and Emery jointly, but they acquired their interests at different times and from different persons. Nothing on the record would indicate that they held it as partners, nor was any agreement shown that it should be so held. It is not shown that complainant even knew that the rights of the parties in the land were other or different from that which the record would indicate, namely, the rights of tenants in common. Cases like that of Galbraith v. Gedge, 16 B. Mon., 631, in which the partners were such in dealing in the lands in controversy, and Dyer v. Clark, 5 Met., 562, in which the lands had been purchased with partnership funds, can have no application-here. If the defense succeed, it must be on the ground that land owned by the partners ostensibly as tenants in common, but made use of for partnership purposes, is prima facie, as between the individual partners and third persons, to be regarded as pertaining to the partnership estate.
*79 We do not think such a doctrine can be supported. The record ought generally to he the guide on which parties may safely rely in dealing with the titles which appear there, and they should not be held chargeable with notice of equities controlling the title on facts which are ambiguous. Real estate held by partners may or may not he partnership property, hut usually it is not so unless partnership assets have been used to purchase it, or unless it "was put in originally as a part of the joint estate. But generally the fact that two or more persons make use of property in which their interests are apparently several, for partnership purposes, is very far from indicating an understanding that it is partnership estate; much less any such conclusive understanding that others would be hound to take notice. The several interests still remain several, and each may deal with his own as he will, and any private arrangement that would change this could not bind third parties who had acted in ignorance of it. We are not called upon in this case to consider whether, had the title come to Ruckman and Emery jointly, on a purchase with partnership funds, a purchaser or mortgagee from either would have been chargeable with knowledge of the fact, as such a case is not before ns.
The decree appealed from must be affirmed, with costs.
The other justices concurred.