HELEN E. HOBBS *vs.* GEORGE H. HOBBS.

Kennebec. Opinion December 6, 1879.

*Husband and wife. Coverture. Suit. Bar.*

An action of assumpsit on account annexed to the writ cannot be maintained by a wife against her husband while the connubial relation remains in full force.

Neither party to the marriage contract can sue the other at common law while the marriage relation subsists.

ON EXCEPTIONS, from decision of judge of the superior court of Kennebec county.

ASSUMPSIT upon account annexed.

WRIT dated February 24, 1879. Plea, the general issue. Tried without the intervention of a jury, and the parties submitted to the justice of said superior court the following agreed statement: "The plaintiff and defendant are husband and wife. They were married on September 15, 1878, and lived together until January 1879, or about that time, when the defendant left the plaintiff's residence. If the action can be maintained, the defendant is to be defaulted and heard in damages by the court, but if the action cannot be maintained the plaintiff to become nonsuit." Said justice decided "that coverture is a bar to the action," entered a nonsuit, and plaintiff alleged exceptions.

*E. F. Webb*, for the plaintiff, cited Stat. 1866, c. 52. *Blake v. Blake*, 64 Maine, 177. *Abbott v. Abbott*, 67 Maine, 308 *Clough v. Russell*, 55 N. H. 279.

*M. P. Hatch*, for the defendant.

APPLETON, C. J. This is an action of assumpsit by a wife against her husband, the connubial relation remaining in full force.

It was held in *Blake* v. *Blake*, 64 Maine, 177, that the husband, after divorce, might recover against the wife for improvements made at her request upon her real estate, for which she promised to pay from her estate. Since that decision there has been further legislation in relation to the rights of married women, and

the question now presented is whether either party to the marriage contract can sue the other at common law while the marriage relation is subsisting.

By the act of 1876, c. 112, "She may prosecute and defend suits at law or in equity, either of tort or contract, in her own name, without the joinder of her husband, for the preservation and protection of her property and personal rights, or for the redress of her injuries, as if unmarried, or may do it jointly with her husband, and the husband shall not settle or discharge any such action or cause of action without the written consent of the wife. Neither of them can be arrested on such writ or execution nor can he alone maintain an action respecting his wife's property." Under previous decisions of this court it has been held that neither husband nor wife could sue the other directly in assumpsit. *Crowther* v. *Crowther*, 55 Maine, 358. This statute was not intended to give such right. It relates to cases when, by the very assumption, the husband may be a party with the wife, or not, at her election. The design is to protect her from all marital interference in suits commenced by the wife alone or jointly with her husband, and to prevent his maintaining alone any action respecting his wife's property.

In *Clough* v. *Russell*, 55 N. H. 279, it was held that a husband might transfer a note to his wife in payment of a loan made by her to him from her private funds. To that decision no exception can be taken. But that the wife cannot maintain an action at common law against her husband during the existence of the marriage relation has always been held to be the law in this state.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.