(22 App. Div. 483.)

## ABBE v. ABBE.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

ASSAULT BY HUSBAND—ACTION BY WIFE.

A wife cannot maintain an action against her husband to recover damages for an assault and battery committed by him upon her; but, as this doctrine rests on the theory of unity of person, the court cannot, in dismissing her complaint, award costs against her.

Appeal from Kings county court.

Action by Katie Abbe against Richard F. Abbe. From a judgment dismissing the complaint, with costs, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. J. McCrossin, for appellant.
Patrick Keady, for respondent.

HATCH, J. The action is brought by a wife against her husband to recover damages for an assault and battery committed by the husband upon the wife. It is settled by authority that the action cannot be maintained. Schultz v. Schultz, 89 N. Y. 644. There is nothing in the domestic relations act (Laws 1896, c. 272, § 27) which works any change in the law in this respect. Indeed, the latter statute is not so broad as the former act of 1862 in this regard; for by its terms she was authorized to maintain an action against "any person" for injury to her person, while under the domestic relations act the language is more general, and simply gives her "a right of action for an injury to her person." The claim which seeks to authorize the action based upon the language, "for an injury arising out of the marital relation," must fail. In no sense does an assault and battery arise out of the marital relation. It is as violently opposed to such relation as is larceny to the eighth commandment. In this view I am in entire harmony with the argument of Mr. Justice Brady in Schultz v. Schultz, 27 Hun, 26, and with the learned opinion of Judge Danforth for the affirmance of that judgment in the court of appeals. This opinion is not reported, but a copy has been furnished by the appellant upon the argument of this appeal. It failed, however, of receiving the sanction of a majority of the court of appeals, and is therefore not law. We can only add our recommendation to that of Judge Davis in his dissenting opinion in the supreme court in the Schultz Case,—that it is a proper subject for legislative action.

The judgment in this case has awarded costs against the wife, and is therefore wrong. The ground which refuses relief rests upon the common-law doctrine of the unity of the parties, and is therefore to be considered as a judgment against the successful party. However inconsistent this may seem, it is the law. While the wife is given the full enjoyment of her separate estate and of her earnings, is permitted to carry on a separate business, may contract with her husband, and sue him for debt or for a conversion of her property, yet, for the purpose of being a subject for an assault and battery

by the husband, she is both wife and husband, and therefore without civil remedy. She is not left without comfort, however, for our law has humanely said that, while she may be assaulted and battered by her husband, and civil remedy be denied, yet she shall not also be mulcted in costs for an attempt to use a remedy to which she is not entitled. Herein lies the strength of the adjudications.

The judgment should therefore be modified by striking out the award of costs, and as modified affirmed, without costs. All concur.