[L. A. No. 2259. Department One.—July 3, 1909.]

HERBERT M. PETERS, Appellant, v. MARY GIRD PETERS, Respondent.

HUSBAND AND WIFE—ACTION FOR BATTERY DURING MARRIAGE NOT MAINTAINABLE—ERRONEOUS VERDICT FOR DEFENDANT NOT PREJUDICIAL.—Neither at common law, nor under the statutes of this state, can an action be maintained by one spouse against the other for a battery committed during the continuance of the marriage relation.

Consequently, a verdict in such an action in favor of the defendant, notwithstanding it is against the evidence, is without substantial injury to the plaintiff, and an order denying the plaintiff a new trial will not be reversed.

ID.—APPEAL—ERROR WITHOUT PREJUDICE.—No error suffices to reverse a judgment or order, if it appears that the appellant has not been and could not be injured thereby.

APPEAL from an order of the Superior Court of San Diego County refusing a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

H. S. Utley, and Haines & Haines, for Appellant.

Daney & Lewis, for Respondent.

SHAW, J.—This is an appeal by the plaintiff from an order denying his motion for a new trial. There is no appeal from the judgment.

Action for battery. The plaintiff and defendant at the time the alleged cause of action arose were, and still are, husband and wife. The wife severely wounded the husband by willfully, without just cause or excuse, shooting him in the leg with a shotgun, injuring him so severely that he was confined to his bed for more than a month and was disabled from doing his ordinary work for several months thereafter. The verdict and judgment were in favor of the defendant.

The appellant complains of a number of rulings of the court below upon the introduction of evidence and in the giving and refusing of instructions to the jury. He also assigns as cause for a new trial that the evidence was insufficient to justify the verdict. It is unnecessary to consider these assignments of error in detail. If we should concede that the plaintiff could maintain an action against his wife for battery, we should be compelled to hold that the evidence was wholly insufficient to support the verdict. According to her own testimony she deliberately and willfully shot her husband in the leg for no other reason than to prevent him from going into a bedroom of the house which she then occupied for the purpose of taking therefrom a small amount of cotton batting which he claimed a right to take. She made no claim that she was in any real personal danger from him at the time and

CLVI Cal.—3

there is no real foundation for the pretense that she was acting in self-defense. The shooting was entirely unjustifiable as a defense of her right to maintain possession of the cotton batting. The court below, upon its view of the right of the husband to maintain such an action, should have directed the jury to find for the plaintiff in such amount as they should . believe from the evidence he was damaged. The defendant may consider herself fortunate that she was not prosecuted criminally for the act and that such prosecution is now barred by lapse of time.

Notwithstanding this conclusion, we are satisfied that, under the law in this state as it is, an action cannot. be maintained by one spouse against the other for a battery committed during the continuance of the marriage relation, and hence that the plaintiff has suffered no substantial injury to his rights by the verdict against him. The question is entirely new in this state and such cases are rare in other jurisdictions, but there is no case in favor of the right to maintain such an action.

The common law of England is declared to be the rule of decision in all courts of this state, so far as it is not repugnant to or inconsistent with our constitution and statutes. (Pol. Code, sec. 4468.) By the common law, the husband and wife were deemed to be one person and no suit at law of any character could be maintained by one against the other. (21 Cyc. 1517; 10 Ency. of Plead. & Prac., p. 195; 1 Cooley Blackstone, 442; Schouler Dom. Rel., sec. 52; *Phillips* v. *Barnet,* 1 Q. B. Div. 436; *Countz* v. *Markling,* 30 Ark. 17; *Crowther* v. *Crowther,* 55 Me. 358; *Hobbs* v. *Hobbs,* 70 Me. 381. Owing to the modern statutes giving the wife the right to separate property and to make contracts with her husband concerning the same, it is now generally held that an action at law concerning property may be maintained between them. In many of the states such actions are expressly authorized by statute. But even where such actions are allowed, either expressly or by necessary implication, it has been uniformly decided, in the few states where the question has arisen, that neither can sue the other, even after a divorce, for personal wrongs inflicted upon one by the other during the marriage. (21 Cyc. 1519; 15 Am. & Eng. Ency. of Law, p. 857; *Peters* v. *Peters,* 42 Iowa, 182; *Main* v. *Main,* 46 Ill. App. 106; *Bandfield* v. *Bandfield,* 117

Mich. 80, [72 Am. St. Rep. 550, 75 N. W. 287]; *Abbe* v. *Abbe,* 22 App. Div. 483, [48 N. Y. Supp. 25]; *Schultz* v. *Schultz,* 89 N. Y. 644, reversing same case in 27 Hun, 26; *Freethy* v. *Freethy,* 42 Barb. 641; *Longendyke* v. *Longendyke,* 44 Barb. 366; *Chestnut* v. *Chestnut,* 77 Ill. 350; *Smith* v. *Gorman,* 41 Me. 405; *Abbott* v. *Abbott,* 67 Me. 304, [24 Am. Rep. 27]; *Heyob* v. *Her Husband,* 18 La. Ann. 41; *Moore* v. *Moore,* 18 La. Ann. 613.) In New York the statute authorized a married woman to "bring and maintain an action in her own name against *any person* for an injury to her person or character, as if she were *sole.*" Yet the courts of that state declared that this was not intended to and did not permit a suit by her against her husband to recover damages for battery or slander. (*Longendyke* v. *Longendyke,* 44 Barb. 366; *Freethy* v. *Freethy,* 42 Barb. 641; *Schultz* v. *Schultz,* 89 N. Y. 644.) In the Longendyke case the court said that to allow such actions is "contrary to the policy of the law and destructive of that conjugal tranquility which it has always been the policy of the law to guard and protect." In the Freethy case it was further observed "that when the legislature intends to make such a striking innovation of the rules of the common law and so much opposed to public policy and the peace and happiness of the conjugal relation, as would be the case if husband and wife were permitted to sue each other for alleged wrongs to character, it should use such language as will make it clearly manifest; and not leave it to the construction of the courts." These authorities clearly indicate what the rule should be in this state unless we find some statutory provisions to the contrary.

We discover in our statutes nothing that can be construed to show an intention to permit actions for tort between husband and wife. The Civil Code provides that either husband or wife may "enter into any engagements or transaction with the other, or with any other person, respecting property, which either might if unmarried" (sec. 158); that they cannot "by any contract with each other, alter their legal relations, except as to property," except to make a written contract for separation (sec. 159); and that they "contract toward each other obligations of mutual respect, fidelity, and support" (sec. 155.) Also that each has the power to manage and dispose of his or her separate property (secs. 325, 1093, 1094, 1187, 1273).

The Code of Civil Procedure provides that "when a married woman is a party her husband must be joined with her, except: 1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone; 2. When the action is between herself and her husband, she may sue or be sued alone." The third subdivision of this section authorizes her to sue alone when she is living apart from her husband, by reason of his desertion or a separation agreement. (Code Civ. Proc., sec. 370.)

The provisions of the Civil Code relate solely to contract and property rights. They recognize the separate property of husband and wife and authorize contracts between them concerning the same. This necessarily implies that actions by one against the other for the protection of such property and the enforcement of contracts relating thereto can be maintained. Our code system authorizes but one form of action for all cases either in law or equity. Suits between husband and wife have long been permitted in equity, and in actions for divorce the husband and wife were necessarily upon opposite sides of the case. It was necessary, therefore, in a code providing for but one form of action, to make a rule covering all cases. Hence, in the chapter of the Code of Civil Procedure relating to the parties to the single form of action provided, it was declared that in actions between herself and her husband a married woman can sue and be sued alone. This sufficiently accounts for the presence of that provision. It would be a forced interpretation to attempt to discern in that declaration, or in any of the provisions of the Civil Code, an intent to make a departure from the common law so radical, and so opposed to its general policy, as the authorization of a suit by the husband or wife against the other for injuries to the person or character. In the language of the supreme court of Maine in *Abbott* v. *Abbott,* the relation of marriage, while it continues, "so to speak, acts as a perpetually operating discharge of all wrongs between man and wife, committed by one upon the other." The only remedies for such wrongs, afforded by our law, as it stands, are to be found in the Penal Code and in the action for divorce or maintenance, with the additional portion of the community property which may be given to the wronged party where cruelty is the cause for which divorce is adjudged.

The appellant contends that, as his appeal is from the order denying a new trial only, and there is no appeal from the judgment, the sufficiency of the complaint cannot be considered, citing *Swift* v. *Occidental M. Co.*, 141 Cal. 161, [74 Pac. 700]. He urges that the only course this court can pursue, inasmuch as there is manifest error in denying the motion for new trial and in the rulings upon the trial, is to reverse the order and remand the case for a new trial.

The question whether or not the error complained of has produced substantial injury to the appellant is always a proper question for consideration upon appeal. It is not the rule that in every case where the evidence is insufficient to establish some one or more of the material facts in issue, or where erroneous instructions have been given, and there is no appeal from the judgment, this court must reverse the order denying a new trial and remand the cause, directing the lower court to try the case anew, notwithstanding our conviction that, because of facts admitted by the pleadings and of which there can be no dispute, no different verdict could ever be properly rendered. No error should suffice to reverse a judgment or order, if it appears that the appellant has not been and could not be injured thereby. Where the complaint on its face shows that the plaintiff could not, in any event, recover upon the cause of action set forth therein, and it appears that no amendment could cure it, no erroneous ruling at the trial will justify a reversal of the judgment against him. (*Gilbert* v. *Allen*, 57 Ind. 524; *McPhail* v. *Buell*, 94 Cal. 485, [29 Pac. 877]; 3 Cyc. 385; 3 Cent. Dig. cc. 1933, 1934; Code Civ. Proc., sec. 475.) Here it appears affirmatively from the record that the plaintiff was not and could not be injured in any substantial legal right by the verdict against him, and that the greatest injury this court could inflict upon him in the case would be to reverse the order without informing him, or the lower court, of his predicament, and allow him to go through the form of another trial, only to be met ultimately with a decision that he never had the cause of action against his wife for damages upon which he has sued and that no judgment in his favor therefor could be sustained.

Our conclusion is that, notwithstanding the fact that the evidence is insufficient to support any finding that the de-

fendant was justified in shooting the plaintiff, or any of the defenses set up in the answer, the verdict against the plaintiff is harmless because of the fact that he has no right to maintain the action at all.

The order denying a new trial is affirmed.

Angellotti, J., and Sloss, J., concurred.