LEAH PERLMAN, Plaintiff, v. BROOKLYN CITY RAILROAD COMPANY and HARRY PERLMAN, Defendants.

(Supreme Court, Kings Special Term, December, 1921.)

Negligence — wife cannot sue husband to recover damages for personal injuries.

> In the absence of statute a wife cannot sue her husband to recover damages for personal injuries alleged to have been sustained through his negligence.
>
> Where in an action for damages based upon the negligence of the plaintiff's husband the complaint alleges that a collision between a trolley car of the impleaded defendant and an automobile owned and driven by plaintiff's husband, occurred by reason of his negligence and that of the motorman of the trolley car, a motion for judgment on the pleadings and for a dismissal of the complaint as against the husband will be granted, but without costs.

MOTION by defendant Harry Perlman for judgment on the pleadings and for a dismissal of the complaint as against him in an action brought by his wife for damages for personal injuries alleged to be due to the joint negligence of the defendants.

Emanuel Greenberg, for plaintiff.

Bertram L. Pettigrew, for defendant.

Kapper, J. The plaintiff, Leah Perlman, sues her husband, Harry Perlman, for negligence. With him she impleads the Brooklyn City Railroad Company, claiming that a collision occurred between a trolley car of said railroad company and an automobile owned and driven by her husband, in which she was riding at the time by his invitation. She charges that the collision occurred through the negligence of her husband and the motorman of said trolley car. The defendant husband now moves for judgment on the pleadings and for a dismissal of the complaint, claiming, through his attorney, that an action by a wife against her husband for negligence will not lie. In this respect I think the husband's attorney is right, although what the husband himself actually thinks about it is not made known to me. If it were not for the repeated admonition of our appellate courts that the subject of casualty insurance should not be referred to in this class of litigation, I should indulge in the presumption that the husband is not only insured against liability for negligently causing injury, but that if he were not we should hardly be confronted with this suit against him. A husband and wife, living in a state of connubial felicity and enjoying each other's society in an automobile pleasure ride, suggests little in consonance with the wife's desire to transfer money from the pocket of her husband to her own pocket because his inadvertence has caused her a personal hurt. However all this may be, the law is settled that a wife cannot sue her husband for damages for assault and battery (*Abbe* v. *Abbe,* 22 App. Div. 483; *Schultz* v. *Schultz,* 89 N. Y. 644; *Longendyke* v. *Longendyke,* 44 Barb. 366), nor may she sue her husband to recover damages for slander. *Freethy* v. *Freethy,* 42 Barb. 641. These cases proceed on the theory that the common-law unity of hus-

band and wife is a bar to the maintenance of the action in the absence of an express statute permitting it. In *Coleman* v. *Burr,* 93 N. Y. 17, 24, the Court of Appeals say: " The statutes referred to touch a married woman in her relations to her husband only so far as they relate to her separate property and business, and the labor she may perform on her sole and separate account. In other respects the duties and responsibilities of each to the other remain as they were at common law." Section 57 of the Domestic Relations Law is identical in language with section 27 of the original Domestic Relations Law. Laws of 1896, chap. 272. The statute provides that "a married woman has a right of action for an injury to her person, property or character or for an injury arising out of the marital relation as if unmarried." It was referred to in *Abbe* v. *Abbe, supra,* as working no change in the law in so far as concerns an action for tort brought by wife against husband. And referring further to the statute and its meaning, Mr. Justice Hatch in the *Abbe Case, supra,* said: " The claim which seeks to authorize the action, based upon the language ' for an injury arising out of the marital relation,' must fail. In no sense does an assault and battery arise out of the marital relation. It is as violently opposed to such relation as is larceny to the eighth commandment." This being so of willful torts, such as assault and slander, I think the same view must be taken of the milder tort, namely, an action for damages based upon the husband's negligence. Regarding the above cited cases, which involved willful torts, I may say that, were they cases of first impression, I should be inclined to view them more favorably for the plaintiffs, for if a married woman may sue her husband for a willful act, such as conversion, fraud, etc., involving her separate prop-

erty, it should logically follow that her person at least should be held inviolate from injury by her husband's willful wrong, and for a wanton transgression thereof an action should be maintainable. But in the case of mere negligence on the husband's part the maintenance of an action for damages seems to me incompatible with the marital status and, in the absence of statute, may not be permitted. The same reason that led the court in the *Abbe Case, supra*, to strike out an award of costs rendered against the wife upon the dismissal of her complaint should be applied here, and the motion for judgment on the pleadings and for a dismissal of the complaint as against the defendant husband is granted, without costs.

Motion granted.