**Harry L. O'NEAL, Libelant Appellant, v. UNITED STATES, Respondent Appellee.**

(Circuit Court of Appeals, Second Circuit. March 19, 1926.)

No. 294.

Appeal from the District Court of the United States for the Eastern District of New York.

Silas B. Axtell, of New York City, for appellant.

Horace T. Atkins, of New York City, for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Decree (11 F.[2d] 869) affirmed.

---

**CLARK v. CLARK.**

(District Court, S. D. New York. April 8, 1925.)

**Husband and wife ⬅205(2)—Action of libel and slander will not lie by wife against husband.**

Action of libel and slander will not lie by wife against her husband, though parties are not living together; and where petition disclosed that plaintiff relied on fact that she was defendant's wife, it was dismissible.

Judgment affirmed 11 F.(2d) 871.

Charles A. Wilson, of New York City (Frank Harvey Field, of New York City, of counsel), for plaintiff.

William Huck, Jr., of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is an action for libel and slander. While the complaint does not allege that the plaintiff is defendant's wife, it recites a Nevada decree of divorce, and alleges that it is fraudulent and void. It also appears, by the plaintiff's affidavit in opposition to defendant's motion to dismiss, that she has obtained a decree from the New Jersey Court of Chancery that the Nevada decree was void, and in her affidavit she further alleges that after that decree, and while she was still the wife of defendant, he introduced another woman "as Mrs. Frank C. Clark, the proper name and title of this deponent."

It is therefore apparent that the plaintiff is really relying on the fact that she is the wife of the defendant, both because the Nevada court had no jurisdiction to decree divorce, and because the New Jersey court, which had jurisdiction of both parties, held the Nevada decree of divorce bad. Nothing appears in the affidavits to question the validity of the New Jersey decree. We therefore have an action for libel and slander by a married woman against her husband. I find nothing to permit this, even under the broad provisions of the present legislation for married women. Abbe v. Abbe, 48 N. Y. S. 25, 22 App. Div. 483; Perlman v. Brooklyn City Ry. Co., 191 N. Y. S. 891, 117 Misc. Rep. 353; affirmed 194 N. Y. S. 971, 202 App. Div. 822. Nor does the fact that they are not living together put the injured party in a better position.

The motion to dismiss is granted.