## No. 7805.

VINCENT T. CAMBRE, INDIVIDUALLY AND AS ADMINISTRATOR, vs. FELICITÉ GRABERT ET AL.

The wife has no mortgage on the property of the husband to secure a donation *propter nuptias* made to her by himself. Re-affirming the Decision of Gates vs. Legendre, 10 Rob. 74.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *McVea*, J.

*Barrow & Pope* for Plaintiff and Appellant.

*A. & E. B. Talbot* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ J. Plaintiff seeks by the hypothecary action to subject a piece of property, owned by defendants, to a legal mortgage claimed by him to secure the sum of three thousand dollars, with legal interest from January, 1861, growing out of a donation of said sum by Jean Theo. Cambre, his father, to his deceased mother, Celestine L. Scivique, in consideration of his future marriage, evidenced by a marriage contract, in due form, under date of June 12th, 1851, the property having been owned by the husband from 1853 to 1866. By the contract it appears, and it is admitted, that the sum of money mentioned in the act was not then given to the donee, but it was provided that the same was to have been paid in the future, and that it was never received by the wife.

The defendants in answer urge:

First. That the donation made by Jean T. Cambre to Celestine L. Scivique *propter nuptias*, as evidenced by their marriage contract, never had any effect, because the donee died before the donor.

Second. That donations of present and future property, made by the husband to the wife in the marriage contract, do not carry with them a mortgage against the property of the husband.

The judgment of the lower court was in favor of the defendants, and plaintiff appeals. His success depends exclusively on the existence of the legal mortgage which he claims as the result of the marriage contract, and of its inscription in the proper office in the parish of Iberville; and considering that as the pivotal question in the case, we shall proceed at first to its consideration.

Mortgages cannot be presumed, or extended by implication, but must be strictly construed, and confined to cases in which they should apply under the laws creating them.

The wife is allowed a legal mortgage on the property of the husband, for the restitution of her dotal effects or property, and for the reimburse-

Cambre vs. Grabert et al.

ment of her paraphernal funds, or of the proceeds of the sale of her paraphernal property; and to succeed in this case, plaintiff must show that his mother's claim was either dotal or paraphernal property.

He claims that the donation, evidenced by the marriage contract entered into between his parents, formed his mother's paraphernal funds, and his only reason in support of such conclusion is in the fact that it was not a dowry.

But this is no answer to the question as to whether it is necessarily either. Under the provisions of our Code we are led to the conclusion that it was neither, the husband having received no property or funds for account of his wife.

Plaintiff himself admits that under article 2338 of the Civil Code, stipulating that all donations to the wife on account of the marriage, *except those of the husband,* are part of the dowry, that the donation in this case could not be considered as forming part of his mother's dowry.

Now, Art. 2383 of the Code provides that " all property which is not declared to be brought in marriage by the wife, *or to be given to her in consideration of the marriage,* or to belong to her at the time of the marriage is paraphernal; " and this definition clearly excludes the donation in this case by Theo. Cambre, which was expressly made " *in consideration of his intended marriage with said Celestine Scivique.*"

We are irresistibly borne out in this conclusion by the clear text of the Code, as interpreted by this Court in the case of Gates vs. Legendre, 10 R. 74.

In that case the Court ably reviewed all the reported decisions on that important question, and concluded that no legal or tacit mortgage results to the wife from a donation *propter nuptias* by her husband.

In the face of such a clear interpretation of the law, resting upon the authority of an unbroken line of decisions, this question would doubtless have been considered as finally settled in our jurisprudence, and the present case would, in all probability, have never come to light were it not for the declaration to be found in the decision of the case of Newman & Co. vs. Eaton and Wife, in 27 An. 341.

In that case the Court intimated that a donation to the wife by the husband, in consideration of the future marriage, formed a part of the wife's paraphernal property, and, as such, is secured by legal mortgage on the husband's property. But we cannot assent to the reasons which are advanced in support of such theory. After quoting Art. 2338 of the Civil Code, which stipulates that such a donation cannot form part of the wife's dowry, the Court concludes in these words: "Therefore, the property which is declared to be given to her in consideration of the marriage by the husband, is paraphernal."

This declaration is in direct conflict with the unambiguous language of Art. 2383 of the Code, in the formal provision, "*that property given to her in consideration of the marriage*" is not paraphernal.

And we are compelled to abide by the clear language of the text, and to consider that the proper interpretation is to be found in the case of 10 R. 14, and authorities therein quoted.

Our conclusion is, therefore, that the donation in the marriage contract between Theo. Cambre and his future wife, Celestine L. Scivique, created no mortgage in her favor on her husband's property, and that defendant's land, purchased at the sale of Cambre's property, could not be, and was never affected with any mortgage, as claimed by plaintiff.

This view of the case obviates the necessity of considering the other ground of defense raised in the pleadings.

It is, therefore, ordered that the judgment of the lower court be affirmed with costs.