## No. 13,095.

## ADELAIDE BORDES, WIFE, ETC., vs. FRANCOIS DUPRAT.

### SYLLABUS.

1. Where the paraphernal estate of the wife consists of, or has been reduced to, money, in the hands of the husband, she may, in order to resume her administration thereof, obtain judgment against him for the amount so held.

2. Where part of such estate is represented by notes of the husband, secured by mortgage upon his separate property, which were acquired by the wife before marriage, she is entitled, in resuming the administration of her paraphernal property, to recover the amount of the face of the notes, with interest, as stipulated, up to the date of her marriage, and with like interest from judicial demand.

3. Where an admission is relied on as the basis of a judgment, it must be taken as made.

A PPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Charles Louque* for Plaintiff, Appellee.

*Frank D. Chretien* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J.  This is a suit by a married woman, against her husband, for the restitution of her paraphernal estate.  She claims that, prior to, and at the date of, her marriage, she owned two notes, amounting, together, to $945.00, executed by defendant, June 29, 1889, made payable September 7, 1889, bearing interest at the rate of 5 *per cent. per annum* from maturity, and secured by mortgage on property owned by defendant; that she owned a dairy, consisting of twelve cows, two horses, two carts and harness, which, with the good will, was worth $1000; and that she had $300 in cash, of which she expended $50, in permanent improvements upon the separate property of her husband.

The defendant, after the filing of exceptions, denied plaintiff's ownership of the notes mentioned, and alleged that they had been paid by him before his marriage and that his wife had, thereafter, obtained possession of, and refused to surrender, them. He admitted that she owned eleven cows, worth $25 each, and two horses, worth, together, $95; and that she owned two carts, but alleged that one was still in hand, and in her possession, and that she had received the proceeds of the sale of the other, and he further alleged that he paid out $50 in cash in the betterment of her property.

The judge *a quo* gave judgment for the plaintiff, in the sum of $1280, being the amount of the notes, the value of eleven cows at $25 each, two horses at $50, and the proceeds of one cart, $10—less $50, which he found had been paid to the plaintiff, within the year preceding the judgment. The defendant appealed, and the plaintiff has answered the appeal, praying that the judgment be increased by $45.

The only proposition which is argued by defendant's counsel in this court, is, that, as to the $945, represented by the notes, the plaintiff has no right of action, for the reason "that the petition does not ask for the return of the mortgage notes to the wife, and does not ask for the possession and control of the notes sued on", but that the claim is in the nature of "a suit by the wife against her husband for a debt", and is therefore prohibited.

In support of the view thus presented, the counsel refers to the cases of *Gilbeaux's Heirs vs. Cormier,* 8 Martin, N. S., 228; *Joly vs. Weber,* 35th Ann., 806; *Heyob vs. Bourdette,* 18th Ann., 41; *Moore vs. Moore,* 18th Ann., 613, and C. P. 105.

In Gilbeaux's Heirs vs. Cormier, the wife intervened in the suit against her husband, alleged that her husband had been administering her paraphernal property, disposing of part of it, and collecting debts without rendering any account, and that he owed her $5443.50. She also alleged that his affairs were embarrassed, and that she apprehended danger to her claim, and she prayed for permission to prosecute said claim, and for a privilege therefor over that of the plaintiff, and, otherwise, that she be allowed to sue for separation of property, and, in the meanwhile, for a stay of proceedings. The District Court dismissed the intervention, on the ground that the derangement of the husband's affairs was not such as to authorize a separation of property, and that, until then, the wife was not entitled to a judgment for sums received by her husband on her account.

MARTIN, J., as the organ of the court (referring to the wife), said: "It is clear that she may demand the administration of her paraphernal estate, and consequently the restitution of that estate; for that is necessary to her administration. If that property consists of debts, she might claim the restitution of the bonds, notes, and the evidences of those debts. If those debts have been collected, she must have the same right on the proceeds. If it consisted of property which the husband has sold, the consequences must be the same on those proceeds. It has been objected that the prayer is for a separation: it is emphatically for the restitution of the paraphernal estate, and a separation. To that restitution, she had an undoubted right at any time."

In *Joly vs. Weber,* the question "whether a married woman can recover a money judgment against her husband, in a suit for restitution of the administration of her paraphernal property, unaccompanied by a prayer for a separation of property or a dissolution of the community?" is distinctly answered by this court in the affirmative.

In *Heyob vs. Bourdette,* the wife, who had a judgment of separation of property, which had been duly executed, alleged that her husband had abandoned her and was living with a concubine, and she sued him for (1) reimbursement of monies paid by her for rent and expenses of her establishment. (2) One-half of a certain item of community property, which she alleged that he had concealed. (3) Admission under a roof where she would not be disgraced by the presence of a concubine, or, in default thereof, alimony sufficient for her maintenance. It was held that, under Article 105, C. P., no one of her claims could be entertained; that the marriage was not dissolved; that she did not sue for separation from bed and board, or divorce, nor for a separation of property, nor for the restitution and enjoyment of her paraphernal property, nor for any right under and by virtue of a marriage contract, and that her petition disclosed no cause of action.

In *Moore vs. Moore,* it was held that a married woman can not sue her husband for alimony, except incidentally to a principal demand for separation from bed and board or divorce.

There is no doubt, then, from these cases, as from the text of the law (C. C., 2387, 2391; C. P., 105) that a married woman may demand, at any time, the administration of her paraphernal estate; and, hence, may demand the restitution of that estate. If it consists of

specific property, she may recover the possession and control of that property. If it consists of debts, and her husband holds the evidences thereof, she may recover them; and, if, as in the instant case, her paraphernal estate consists wholly, or in part, of a debt due by her husband before the marriage, which he has withheld during the marriage, we are unable to find any sufficient reason why she should not recover such debt, since in that way alone can she resume the administration of her paraphernal estate, as thereby, and therein, represented.

The defendant's admissions with respect to the cows, and horses, show an indebtedness of $370. His admission as to the wagons, taken as a whole, leaves nothing due the plaintiff on that account, whilst the allegation of neither as to the expenditure of money for the improvement of the property of the other is supported by proof. The total amount to which we find the plaintiff entitled, as principal, is therefore, $1315, instead of $1280, as found by the judge *a quo*.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by increasing the amount allowed the plaintiff, upon the claim, outside of the $945 represented by the notes sued on, from $335 to $370, making the aggregate amount of the principal allowed by this judgment $1315; plaintiff to recover interest upon said $370 as allowed by said judgment on the $335 awarded to her, and upon said $945, as allowed by said judgment, with like recognition of lien and privilege on property mortgaged, the appellee to pay the costs of the appeal.