The opinion of court- was delivered by
Breaux, J.
Plaintiff brought this suit to compel the defendant, John Jenkins, to take the title she tenders to him to property which defendant promised to buy from her, provided the title was good and valid. The property covered by the title consists of nine lots with buildings and improvements thereon.
The defendant declines to accept the property, for the reason that it is dotal property of the plaintiff, donated to her prior to her marriage by Eugene Dupre, W. E. Dupre, Edward N. Dupre, and Walter B. Dupre, as shown by the terms of the marriage contract entered into between plaintiff, Louise Dupre, and her husband, William E. Dupre, on April 21st, 1898.
The act in question contains a clause stipulating that the future wife, Louise Reine “shall have the right, during marriage, to sell any four of the nine lots of ground brought by her in marriage for the purpose of reinvesting the proceeds in the construction of a house or houses on the remaining five lots, or in the purchase of another piece of real estate.”
Defendant avers that, under the express terms of the marriage contract, the plaintiff is without right to sell more than four of the lots; and as respondent bought all nine lots, he cannot be made to accept less than he bought.
In the deed which defendant characterizes as one of donation, the following is written: — “And by reason of a verbal understanding between themselves and the said William E. Dupre, they do by these presents, give, grant, etc., to Miss Louise Reine-.”
In the marriage contract to which we have before referred, William E. Dupre, the future husband of Miss Reine, refers to the property in question as having been acquired by the latter by donation on April 21st, 1898. The property is referred to as having been acquired by Eugene Dupre at sheriffs sale under a judgment which was executed in the case of Vincent Micas vs. A. P. Dumas during the existence of the community of acquets and gains existing between Eugene Dupre and his wife, Elise Iiirsch. Two of the Dupre brothers before named testified, that their father, Eugene Dupre, was indebted to his son, William Dupre, in the sum slightly in excess of nine thousand dollars, being his *1821 share in his mother’s succession and fixed by judgment of the Civil District Court; that he, Eugene Dupre, gave this property to his son, William Dupre, in part payment of the judgment, but that at the latter’s request, the sale was made direct to Miss Louise Reine, whom he was about to marry, and that his brothers joined in the act as they each owned one-sixth of the property; that there was no intention on their part to make a donation of their interest in the property. Their father remained indebted to them for the interest conveyed to Miss Reine. A copy of the judgment in question is in evidence.
The judge of the District Court decreed, that the title tendered is good and valid, and condemned the defendant, John Jenkins, to take title and pay the price. From this judgment the defendant appeals.
Although the word “donate” is used in the first act, that in which the father, Eugene Dupre, conveyed the property to Miss Reine, yet it is made manifest by the testimony, that no donation was made. The father and the son, William, had been engaged in litigation, one against the other; one claiming an amount as having been inherited from his mother’s succession/ and the other,' the father, contesting the son’s claim. During the course of the litigation, and afterwards, there is nothing to indicate the least intention on the father’s part to make a donation to his son. Besides, it is abundantly shown, that, in reality, this first deed embraced property conveyed by the father in satisfaction of his indebtedness to his son. ILe never intended to donate .anything to his future daughter-in-law, and she 'only acquired by virtue of the father’s indebtedness to his son. She only received the consideration to which her future husband was entitled, and everything, so far as she was concerned, moved from him. It was the same as if ho had bought the property from any other third person, and in order to give it the appearance of being dotal, had directed the title to be written out as a donation, with his future wife as donee. The vendor would, none the less, have remained the vendor, though made to play the part of a donor, but in reality the husband would have been the donor.
Giving it the name of a donation does not make it one in the face of the evidence showing that it was not a donation. It being obvious that it was not a donation, then it follows that it covered the right of the future husband, which he chose to have conveyed, as just mentioned.
The court said in Bayly, Executor, vs. Becnel, 35 Ann., 778: “The designation by the future spouses in the marriage contract, of certain *1822 moneys as dotal property, does not make it such. It must appear that it falls within the definition of dotal property in the Code. A donation by the future husband to the future wife, propter nuptias, does not form part of the dowry”. In Newman & Co. vs. Eaton and Wife, 27th Ann. 342, the court said:—“Therefore, the property which is declared to be given to her in consideration of the marriage by the husband, is paraphernal”, a principle amply sustained by the textual provisions of the Civil Code. In considering the issues raised, it must be borne in mind that on the same day that Dupre, pere, conveyed to Miss Reine," William Dupre, the latter’s future husband, donated the same property to his future wife.
This, taken in connection with the oral testimony admitted, shows conclusively, that the wife received the property as a donation from her future husband.
It being paraphernal, and not dotal property, it may be sold by the wife, authorized by her husband.
For these reasons, the judgment appealed from is affirmed.