(41 South. 112.)

No. 15,845.

DIDLAKE v. CAPPEL.

(April 23, 1906.)

HUSBAND AND WIFE—DONATIONS BETWEEN—SECOND MARRIAGE.

 Donations made by one of the spouses to the other before marriage fall within article 1753, Civ. Code, according to which the spouse who marries a second time forfeits to the children of the first marriage all property acquired by donation from the deceased spouse.

 (Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Action by Annie G. Didlake, wife of Claude F. Drake, against S. W. Cappel. Judgment for defendant, and plaintiff appeals. Affirmed.

Joseph Clifton Cappel, for appellant. William Harris Peterman, for appellee.

PROVOSTY, J. This suit is to compel defendant to accept title from plaintiff to a piece of real estate.

The objection to the title is that plaintiff, who has married a second time, acquired the property by donation from her first husband, and that there are children of the first

marriage, and that in such a case, under express provision of the article 1753, Civ. Code, the property belongs to the children of the first marriage.

To this the plaintiff answers that the donation was made before the marriage, and that article 1753 applies only to donations made during the marriage.

The article makes no such distinction. The language is "any property given by the deceased spouse."

We have considered whether the use of the word "spouse" did not imply that the donation should have to be made by a "spouse," or, in other words, after marriage; but we have concluded that such an implication would exclude from the operation of the article donations by marriage contract, and, consequently, was inadmissible, since the article is mainly directed against donations of that kind.

Moreover, the donation in question, if not one by marriage contract, strictly speaking, was at all events a nuptial gift. It was made a few days before the marriage, and the act recites that the donee is the "intended wife" of the donor; and, such being the case, it comes within the intendment of the article which is shown by its history to include nuptial gifts. Succession of Hale, 26 La. Ann. 201.

The case of Dupre v. Jenkins, 52 La. Ann. 1819, 28 South. 321, did not involve the interpretation of this article, but solely the question of fact whether the property had been given by the husband or by a third person.

Judgment affirmed.