Joly vs. Weber.

## No. 8694.

MRS. BENOIT JOLY, WIDOW JOHN LUDOWIG, NOW WIFE OF
ANTHONY WEBER, VS. ANTHONY WEBER, HER HUSBAND.

Under the provisions of the Civil Code, Arts. 2387, 2391, the wife has the right of demanding
the administration of her paraphernal property, previously confided to her husband,
whenever she chooses, and this will include the restitution of the proceeds of such por-
tions of her paraphernal property as may have been sold by the husband.

This demand need not be predicated upon, or accompanied by, a demand for separation of
property or dissolution of the community.

APPEAL from the Civil District Court for the Parish of Orleans.
*Lazarus*, J.

---

*J. Q. A. Fellows, A. Voorhies* and *F. C. Zacharie* for Plaintiff and
Appellee:

1. The wife who has left to her husband the administration of her paraphernal property,
may afterwards withdraw it from him, and has a right of action against her husband for
the restitution of her paraphernal effects and other fruits. C. C. 2387, 2391.

2. The husband having taken charge of the administration of the paraphernal effects of the
wife, under the appraisement made, when the same was adjudicated to her and having
entered the same on his books at said appraised value, mixed these goods with the bal-
ance of the merchandise, and made the same the basis of his yearly inventories by which
he determined the profits of his business, is concluded thereby. Bouligny vs. Fortier, 16
An. 212.

3. The husband is responsible to the wife for the amount of her paraphernal property alien-
ated by him, and he may be condemned to reimburse its value. Bouligny vs. Fortier, 16
An. 216; 17 An. 121; 9 An. 546; 4 R. 119; C. C. 2446; 2 Troplong, 1447; 5 Marcade, 1450.

*Alfred Grima* and *E. W. Huntington* for Defendant and Appellant:

1. The revenues of the paraphernal property of the wife, administered by the husband,
belong to him as head of the community. R. C. C. 2386, 2402, 2404.

2. In a suit by a wife to withdraw from her husband the administration of her paraphernal
property, no separation of property being prayed for, and no disorder of the husband's
affairs being proved, no accounts are to be taken of the receipts and disbursements made
during the community, and the community cannot be dissolved or liquidated. R. C. C.
2385, 2387, 2425.

3. When a wife has caused to be adjudicated to her a stock of merchandise which was held
in common between her and the minors of her first marriage, and there was a debt owing
for the purchase price of the said stock, the second husband who administers the said
property as the paraphernal property of his said wife, and sells the same according to its
destination, has the right to apply the proceeds of the sale thereof to the payment of the
debt owing for the purchase thereof by the said first husband. R. C. C. 2403; 6 An. 641;
3 Troplong, Contrat de Mariage, §§ 1904, 2269.

4. A stock of goods which is declared in a marriage contract to be brought in marriage by
the wife, in the said contract, is dotal, and the wife cannot withdraw the administration
thereof from her husband without a judgment of separation. R. C. C. 2338, 2347, 2349,
2350; 18 An. 588; 9 An. 168.

5. If the said stock is valued in the marriage contract without declaration that the estimated
value of the same does not constitute a sale, the husband becomes the owner of such
movable effects, and owes nothing but the estimated value of the same. R. C. C. 2354
(2334).

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff's object in this suit is to be restored to the possession and administration of her paraphernal property.

The main facts which underlie this controversy are stated in the opinion rendered in the case of Henry F. Ludowig et al. vs. Mrs. Benoit Ludowig Weber et al. (No. 8729). A few days before their marriage, the parties to this suit entered into a contract of marriage in which it was stipulated that there should be a community of acquets and gains between the future spouses, and that each spouse should pay his and her respective debts existing before the marriage.

The contract also showed that the future husband owned in stock in trade, cash and book accounts, the equivalent of eighteen thousand dollars. The condition of the wife's property was defined in the following article of the contract, which we transcribe in full:

" The said Mrs. Benoit Joly, widow Ludowig, owns and brings in marriage as her paraphernal and extra-dotal property, her rights and interests in the community of acquets and gains which has existed between her and her late husband, whose succession is opened and in course of administration in the Second District Court for the Parish of Orleans, which rights and interests have not yet been liquidated and cannot be now precisely determined, but will be determined by the settlement of the succession of her said late husband and of the said community of acquets and gains, and besides her said rights yet unliquidated, she brings in marriage certain goods the value of which she appraises at the sum of ten thousand and ninety-five dollars and also a sum of two thousand five hundred dollars, consisting in book accounts considered good, and a further sum of two thousand dollars in United States currency, all of which the said Mrs. Ludowig has given cognizance to her said future husband who so acknowledges."

Besides the general issue, the defendant urged that the stock of goods which had been adjudicated to his wife in the succession of her first husband had greatly depreciated in value from its appraisement; that he had paid out of the proceeds of said stock, debts of the succession and community amounting to upwards of $25,000, and that a quantity of said stock, amounting at the price of appraisement originally made to about $14,000, remained unsold; and he finally tendered to plaintiff the administration of her real estate, and prayed in reconvention for judgment against her for all sums expended by him for her separate property.

He prosecutes this appeal from a judgment restoring plaintiff to the administration of her separate property, allowing her a moneyed judgment for thirty-two thousand seven hundred and sixty-three 45-100

dollars, ($32,763.45) condemning the defendant to restore the stock of goods remaining unsold, valued at $13,024.91, within sixty days, and in default thereof to pay her said sum and condemning him to account to her for revenues of her immovable property, from the date of the institution of this suit.    The judgment allowed to the defendant $18,199.40 on his reconventional demand.

The conclusions of the District Court on the amounts making up the judgment are based on the following items and calculations :

The stock of goods adjudicated to Mrs. Ludowig for $32,313.62, less sales made before her marriage, $1,124.26, amounting to. . $31,189.36

Merchandise, as per marriage contract. . . . . . . . . . . . . . . . .   10,099.00
Accounts, as per marriage contract.. . . . . . . . . . . . . . .    2,500.00
Cash, as per marriage contract . . . . . . . . . . . . . . . . . . . . . . .    2,000.00

Total value of movable separate property. . . . . . . . . .$45,783.36
Deduct therefrom amount of stock remaining unsold.. . .  13,024.91

Balance, amount of her judgment . . . . . . . . . . . . . . . .$31,763.45

The amount found in favor of the defendant on his reconventional demand proceeds from a loan made by him to Ludowig of $1,255.38, and for disbursements made by him for the Ludowig succession, amounting all together to $23,354.11, one-half of which is charged to plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$11,677.05
To which is added amounts paid for her children's education . . . . . .· . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4,962.01
And for debts due by Mrs. Weber before marriage. . . . . .   1,560.43

Amount of defendant's claims. . . . . . . . . . . . . . . . . . . . .$18,199.49

Numerous points were made and discussed below, many of which are now eliminated from the discussion, which on appeal presents only the following questions :

1.   Whether a married woman can recover a money judgment against her husband in a suit for restitution of the administration of her paraphernal property, unaccompanied by a prayer for a separation of property or for a dissolution of the community.

2.   Whether the goods, the cash and the accounts, amounting together to $14,449, described as the second item in article 4 of the contract of marriage, which is hereinabove transcribed, are dotal or paraphernal property.

3.   Whether the defendant must be held liable for the stock first described in the same article at the price at which it was adjudicated to plaintiff, and whether he must be held accountable at that rate for the portion of that stock which he sold together with his other goods in his business as merchant tailor.

1. Defendant does not contest the right of a married woman to withdraw from her husband the administration of her paraphernal property, but his proposition is that the proceeds of such property which has been sold by the husband, cannot be reached in such form of action, but that they can be recovered only through an action for separation of property under allegations and proof of the disorder of the husband's affairs.

His argument on this point involves a confusion of the two distinct actions contemplated under the provisions of Articles 2387 and 2391, and of Article 2425 of our Code.

The latter Article has reference to the action for separation of property, which must be predicated on the disorder of the husband's affairs, endangering her rights, etc.

But the action created under the former Articles, is not conditioned upon any contingency in the affairs of her husband, but rests on a right which the wife can exercise at any time, and for the exercise of which she is imposed no obligation to give legal reasons. The two actions may be, and are generally cumulated, but they are nevertheless distinct and independent actions, and no provision of our law compels their cumulation.

If the husband could, by a sale of his wife's paraphernal effects, of which he has the administration, defeat her right to be restored to the administration of such property, or of its proceeds, the provisions of our Code on this subject would confer a barren right and would be a dead letter.

The question was examined in the early days of our jurisprudence, and it was settled adversely to defendant's contention. In the case of Gilbeaux vs. Cormier, 8 N. S. 231, the identical objection was made, and was disposed of in the following language :

" It is clear that she may demand the administration of her paraphernal estate, and consequently the restitution of that estate ; for that is necessary to her administration. If that property consisted of debts, she might claim restitution of the bonds, notes, and the evidences of these debts. If these debts have been collected, she must have the same rights on the proceeds. If it consisted of property which the husband has sold, the consequences must be the same on the proceeds."

The doctrine thus enunciated has been so frequently reaffirmed, that the rule as thus interpreted may now be considered as settled in that sense. Robin vs. Castille, 7 La. 293 ; Morales vs. Marigny, 14 An. 855 ; Bouligny vs. Fortier, 16 An. 212 ; Pecquet vs. Pecquet, 17 An. 206.

2. Defendant is equally unfortunate in his second proposition, which

is met by the mere reading of the article of the marriage contract. He contends that in the expression : "widow Ludowig owns and brings in marriage as *her paraphernal and extra dotal property*," the last words refer only, as descriptive words, to the first enumerated property, and not to the stock of goods, cash and accounts in the last part of the article, and his only reason for such a construction seems to be on account of the awkward use made of the word "besides," by the notary who drew the act. The whole article contains but one idea, conveyed in one sentence without a stop, and fails to justify the slightest suspicion that all the items of property therein described were not intended to constitute the *paraphernal and extra dotal* property of the future wife.

It is clear to our minds that the true meaning of the word "*besides*," as used in that sentence, was intended and understood to be "*together with*" or *in addition to* the property first described, she brought in marriage the stock of goods, etc., secondly described.

3. As the marriage contract contained no appraisement of the rights of the future wife derived from the succession of her first husband, and the defendant having failed to show that the appraisement made in the adjudication of the first husband's stock of goods was excessive, the defendant was correctly held accountable for those goods at that price.

It is true that the evidence does show that such goods generally depreciate in value, yet as the defendant kept no separate account of his sale of those goods, which were mingled with his own goods, and were sold indiscriminately therewith, we find no proof that those goods did not bring the price at which they had been appraised. The burden was on him to show the true state of things, and he must abide the consequences.

The conclusions of the District Judge are supported by the record and amply justified by the law and by our jurisprudence.

Judgment affirmed.

Bermudez, C. J., recuses himself, having been of counsel.