The opinion of the court was delivered by
McEnery, J.
The defendant and her husband owned in indivisión the Pothier plantation, in Assumption parish. They were separate in property. The husband cultivated the plantation on his own account until the year 1890, when he became indebted to the plaintiff in a sum, in round numbers, of five thousand dollars. They declined to give further advances without security. In 1890 the wife was authorized, strictly in accordance with law, to borrow two thousand five hundred dollars to cultivate her half of the plantation. The permission was for her to borrow the money for the purpose of cultivating alone her half, and to grant the necessary mortgage to secure the amount of the advances. It is urged that the mortgage was granted through marital coercion. The testimony does not justify the assertion. The accounts for the whole plantation, which was supplied by plaintiffs, were kept against the husband, as plaintiffs state, as the managing partner or agent of the joint venture of husband and wife. The accounts against the plantation show that the crops of- 1890 were in excess of the advances, and there was to *1228 the credit of the plantation the sum of one thousand six hundred and twenty-four dollars and fifteen cents. The note was thus paid and the mortgage given to secure it, of course, satisfied.
In 1891 the wife again appeared before the District Judge to be allowed to borrow money, and to execute the required mortgage to secure the same on her one-half interest in the plantation for that year. Pascal & Co., the plaintiffs, made the advances, but instead of signing a new note and mortgage, the note which had been paid was extended and the mortgage was attempted, by the endorsement, to be kept in force. The note has been paid and satisfied and the mortgage extinguished. It could not thus be revived by the wife, and made to serve the purpose of a new note and a new mortgage under the last order given by the District Judge. There is no analogy in this case to that of Levy vs. Ford, 41 An. 878, and the cases referred to therein. In the latter, the note secured by mortgage had been given as collateral security for a debt which had never been extinguished to the knowledge of the holder, as in the instant case. Here the debt for which the note and mortgage were executed was extinguished.
But there was the authority of the judge for the wife to borrow the money, and if, under this authority, it was borrowed, it matters little whether or not the creditor availed himself of the order, granted to secure the debt by mortgage. It would only be against him in the case of a conflict with other debts secured by mortgage. The evidence shows that supplies were furnished under the authority to borrow, and that they reached their proper destination.
In the year 1886 the husband mortgaged to his wife his half of the Pothier plantation to secure the sum of one thousand eight hundred and forty dollars, the proceeds of certain immovable property belonging to his wife, which he appropriated to his own use. The entire transaction is detailed and set forth in the mortgage. As a conventional obligation between husband, and wife it was null and void, but as a legal mortgage it is valid, if the legal mortgage can exist after a separation of property against the husband in favor of the wife for the appropriation of her separate funds. C. C. 3349. Delesdernier vs. Delesdernier, 45 An. 1365; Burns vs. Thompson, 39 An. 377.
Proceedings were commenced by plaintiffs to foreclose their mortgage on the plantation.
*1229 In the case of Ratcliff vs. Folse the plantation was sold under a first mortgage. It realized seven thousand and thirty dollars, and, after paying the debt and costs, there was left in the hands of the sheriff for distribution three thousand four hundred and fifty-six dollars and seventeen cents The second mortgage creditors are now contending for the distribution of this fund.
' Pascal & Oo. claim the entire amount, because of the indebtedness of the husband to them for supplies for his undivided half and for supplies furnished his wife, under and by virtue of the authorization of the judge. For the amount due by the husband the wife claims that her legal mortgage is superior to the mortgage of Pascal & Oo. on his half of the plantation, and that she should be credited with one-half of the amount credited to the place for the crops of 1890.
In case of Succession of Gayle, 27 An. 550, it was held that after a decree of separation of property, which had been executed, no legal mortgage could be created by the conversion by the husband of the wife’s separate property, and that she must look to him as her agent in the management of her property, and that his responsibility springs alone from this capacity. There is no authority cited for the doctrine announced by the court, and we are constrained to say that it is in conflict with the textual provisions of the Code and the policy of our jurisprudence. Art. 3319, Sec. 3, gives a legal mortgage in behalf of the wife for the restitution or reimbursement of her paraphernal property. There is no exception stated. It is granted in unequivocal language, and makes no distinction as to whether there is or not a separation of property. We see no reason why there should be a distinction or difference. The mortgage is given to the wife, because being under the power and dominion of her husband, and her incapacity to contract without his intervention. The mortgage springs from the fact that she is the wife, not because she has had restored to her the administration of her paraphernal effects. This administration she can resume at any time without a judgment of separation, yet it will not be contended, because she has resumed this administration of her separate property, she would lose her mortgage in case the husband should dispose of these effects. The legal mortgage of the wife springs from the same source as the tacit mortgage in favor of minors and interdicts, and this source is their incapacity.
In the marriage contract it can be stipulated that there shall be a *1230 separation of property, yet we find that the wife has a legal mortgage on the immovables and a privilege on the movables for the restitution of her dowry, as well as for the replacing of her dotal effects which she .brought at the time of her marriage, and which were alienated by her husband, and this from the time of the celebration of the marriage, and for the restitution of dotal effects acquired during the marriage. C. C. 2376.
The separation of property and dissolution of the community is intended to place the wife in possession of her separate estate so as to rescue from the imprudent management of the husband, and to enable her by judgment to enforce her claims against the husband. It in no-way diminishes the incapacity of the wife, or gives her any of the prileges of a femme sole. She can not alienate hér separate property without the authority of the husband, or that of the judge.
In 1892 the plantation owed plaintiffs seven thousand and seventy-five dollars and twenty-six cents, but of this amount Mrs. Folse owes seven hundred and seventy-four dollars and eighty-five cents, which is obtained by deducting the amount of five thousand one hundred and ten dollars and ninety-nine cents, and four hundred and fourteen dollars and fifty-six cents interest on same individually due by the husband to plaintiffs.
Her half is to be charged with this amount. The husband’s half is to be charged with the amount of her legal mortgage.
The judgment is amended in accordance with this statement, and in other respects affirmed, appellees to pay costs of appeal.