PROVOSTY, J.
Plaintiff sues her husband for divorce on the ground of excesses and cruel treatment of such a nature as to render their living together insupportable. The defendant is a day laborer, and the wife hires herself out as a cotton picker. The sum of the evidence adduced by plaintiff is that the parties quarreled several times, and that once, when they were throwing water on each other in play, the husband got mad and threw the dipper at her; also that he cursed her once, when she had provoked him. We think this evidence entirely insufficient to support the demand.
*131 The husband reconvenes, and asks for a divorce on the ground of adultery. He made no pretense at proving the particular act of adultery specified in his answer, but sought to introduce two witnesses to prove by them that they had had commerce with plaintiff since her marriage. This evidence was objected to and should have been excluded. It is elementary that the time and place of the adultery relied on for obtaining a divorce, and also the name of the accomplice, must be stated in the pleadings, and, of course, can be proved only as alleged. Enc. of P. & P. vol. 7, p. 70; Breaux’s Dig. p. 535, No. 7.
Where the conduct on which the charge of adultery is based is equivocal, and has to be interpreted in the light of the preceding or subsequent conduct of the inculpated spouse, other acts of adultery may perhaps be shown. Greenleaf, Ev. (17th Ed.) § 14 (3). But such proof certainly cannot be offered for the purpose of serving as the sole basis of the charge. Rejecting this testimony, which, moreover, comes in such questionable shape that it would have been hard for the court to believe it if admitted, and there remains nothing to support defendant’s reconventionai demand.
On her demand for a moneyed judgment the plaintiff is entitled to recover $9, the lirice of two head of cattle sold to James Byrd and which was placed to the credit of her husband, and $8, the price of another animal sold by defendant and used by him in buying a horse. The use of the paraphernal funds of the wife by the husband for the benefit of the community creates a debt on his part, which she may sue him for at any time without having to ask for a dissolution of the community. Joly v. Weber, 35 La. Ann. 806.
This demand “arising” in a suit for divorce, this court has jurisdiction of it irrespective of amount. Const, art. 85.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed in so far as rejecting plaintiff’s demand for divorce, and set aside in so far as sustaining defendant’s reconventionai demand and rejecting plaintiff’s demand for a moneyed judgment, and that said reconventionai demand be now rejected, and that plaintiff, Maud Jenkins, have judgment against defendant, Eugene Maier, for $17, with legal interest from the 8th day of July, 1905, date of judicial demand, and for the costs of this suit.