BBEAUX, C. J.
Plaintiff sought to foreclose an alleged legal mortgage by executory action against the present owner of the land which belonged formerly to her husband, Frank Le Boeuf.
The amount she claimed as secured by this legal mortgage was given by her to her husband before the marriage.
Tears after this marriage, the husband and wife signed affidavits in which they declared that just before the marriage the wife handed $1,300 to her husband, the amount the wife now claims as due her and as secured as to its payment by legal mortgage on the land which was sold by her husband after the affidavit had been recorded in the clerk’s office of the parish in which the land in question is situated.
There was no marriage contract between the husband and wife.
The case is before us on an exception to the allegation of the petition.
The petition and the exception must be taken as true for the purpose of the trial.
The recorded documents above referred to show that plaintiff was married to Frank Le Boeuf in February, 1885, and that just before the marriage she gave her husband $1,300, amount she claims as her paraphernal property.
The ground of the exception before mentioned was that the amount was given to her before marriage; therefore she had no mortgage. The district court sustained the exception and dismissed the suit.
Plaintiff, Mrs. Julia Le Boeuf, appealed to the Circuit Court of Appeal. On appeal, the judgment of the district court was reversed and the cause was remanded to the district court for further proceedings. The Court of Appeal, in rendering its decree remanding the case, held that article 3319 of the Civil Code accords to the wife a legal mortgage to secure the restitution even of property received by the husband before the marriage.
The case is before us on a writ of certiorari.
We have stated the one question at issue (we consider that there is only one question at issue) and the material facts as given above.
We are constrained to differ from the opinion and decision of our learned Brothers of the Court of Appeal. We are of opinion that Mrs. Julia Le Boeuf, nde Sehexnaydre, may have become the creditor of Frank Le Boeuf before marriage, but that Mrs. Julia Le Boeuf did not become the creditor *151 of her husband, Frank Le Boeuf, with a legal mortgage securing her claims as to its payment.
[1-3] The wife has a legal mortgage for the restitution of her paraphernal property. She has no paraphernal rights save those arising during the marriage. “Paraphernal property” is that brought to the marriage under conditions expressed. If it be not dotal property, the responsibility for it as relates to a mortgage is of a date subsequent to the marriage. In tracing the word “paraphernal,” it will be found that it takes its meaning from “para,” in Greek, “near or besides,” and “phema,” dowry which signifies extra, the dowry, and if these things be given by the wife to the husband he will become responsible for its restitution and be secured by mortgage if properly recorded. This is limited to the husband and wife and does not relate back to a time prior to the marriage as relates to the mortgage. It is the wife who gives the paraphernalia, and the husband who receives it. In this instance it does not appear that it was given even si nuptise sequentes.
The original compilers of the first two Codes, it is known, borrowed extensively from the Partidas, translated by Lisbet and Coralton (volume 1, p. 523), in force at the date of the adoption of the first Code (1808), regarding the rights of married women, also from the French laws.
Under both systems the legal mortgage dates from the marriage, and not prior thereto.
In the Code of 1825, article 2360 of our present Code was substituted to articles 56, 57, 58, 60, 61, and 62 of the former Louisiana Code. '
Under the different systems the law contemplates a legal mortgage of a date subsequent to the marriage as security for amounts received since the marriage.
Learned counsel for plaintiff and appellant invoke the jurisprudence of this state and cite with confidence Fastin v. Eastin, 10 La. 198, not in point, for in the cited case-the evidence was the wife had brought property in marriage (after the marriage), “horses, furniture.” It was not property delivered before the marriage never heard of afterward.
The same is true-of the next decision cited by plaintiff. Pascal v. Folse, 48 La. Ann. 1229, 20 South. 750.
We will not specially note the views expressed in other decisions cited by learned counsel, for the reason that they all reach the same conclusion and relate to the liability of the husband (as to a legal mortgage).
The French courts, as stated by French commentators, hold that the claim secured by mortgage that the wife has against her husband dates after marriage and not before. Code Annotes Dalloz, under article 2121 of the French Code. La créances de la femme, en une qualité autre que celle de femme mariée, ne sont pas garanties par l’hypotheques légale.
J. G. S. Prue, at Typ. 458: L’hypotheque legal ne quarantirait pas les créances dés avant le marriages.
To the same effect is Baudry-Lacantinere T. 2 No. 980, p. 83.
For the purpose of illustration of, if, after she had handed the money, the future wife — which sometimes happens — had changed her mind, it would not be said that she is entitled to a legal mortgage. Plaintiff’s claim, although her learned counsel here quoted from and commented upon the following decisions: Fisher v. Fisher, 2 La. Ann. 774; Routh v. Routh, 9 Rob. (La.) 224, 41 Am. Dec. 326 — finds no support in them.
In the first ease the money was received after the marriage. By comity existing *153 among the states, the wife’s claim was recognized in the court holding that:
“The principle is well settled that the matrimonial rights of the wife who marries with the intention of removing into another state, must be governed by the laws of her intended domicile.”
That was substantially all that was decided. True, in the decision a quotation is inserted from 9 Rob. 234, cited above, to the effect that property belonging to the wife before the marriage and received afterward remained her separate estate. The facts in the case before us for decision are different. The amount was handed to the husband by the wife before the marriage and was received by him before the marriage. Moreover, the decision is not pertinent, for the facts, as stated, are that she was then owner of a considerable property in her own right, which after the marriage was paid over and received by her said husband.
Our Brothers of the circuit court in a carefully written opinion expressed the view that the Code of 1870 extended the scope of the legal mortgage so as to embrace all character of paraphernal property of the wife.
The only difference between us is as to the date the amount is received by the husband. The Code of 1870 may have enlarged the security after inscription of the wife’s claim, but has not in our view changed the date so as to include as paraphernal property of the wife any amount for which she may have become the creditor of the husband before’marriage, because who says paraphernal property in the sense here used says property of the wife given to the husband after marriage.
We are impressed by the views expressed in Cambre v. Grabert, 33 La. Ann. 247, wherein the court said, in regard to a claim presenting similar features, we are led to the conclusion that it tells neither the husband having received no property or funds for account of the wife.
In the decision referred to (Louise Dupre v. John Jenkins, 52 La. Ann. 1819, 28 South. 321) there was no question of a legal mortgage, or the securing of a claim due by the husband to the wife before the marriage.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal is avoided, annulled, and reversed, and it is further ordered, adjudged, and decreed that the judgment of the judicial district for St. James parish dated the 7th day of December, 1911, be reinstated and affirmed. That costs of all proceedings to be paid by plaintiff.
MONROE, J., dissents from refusal to grant a rehearing on this case.