fact, is the rule declared by the law. C. C. 1948, 1950, 1951, 1952.

We therefore conclude that the trial judge did not err in rejecting plaintiff's demand for damages alleged to have been sustained by water, and his judgments, in these consolidated cases, are accordingly affirmed, at the cost of the plaintiff.

---

(84 South. 794)

No. 23515.

## WILKINSON v. WILKINSON.

(May 3, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by the Court.)*

**Husband and wife** ☞205(4)—**Married woman's rights and remedies in acquiring and protecting possession of her paraphernal property stated.**

A married woman has the right to resume the administration of her paraphernal property at will, and to that end to resume possession of it, and, to acquire and protect such possession, may, if necessary, bring suit against her husband, independently of any suit for separation of property, or from bed and board, or for divorce, and may invoke the writ of injunction against her husband the same as against any other litigant.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Suit by Mrs. Louie A. Wilkinson against J. V. Wilkinson. From a judgment sustaining an exception of no cause of action and dismissing the suit, plaintiff appeals. Reversed, rule to dissolve the injunction issued dismissed, and cause remanded.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

T. H. McGregor and Hall & Bullock, all of Shreveport, for appellee.

MONROE, C. J. Plaintiff has appealed from a judgment sustaining an exception of no cause of action and dismissing this suit.

The only petition that we find copied in the transcript alleges that petitioner was married to defendant in 1916; that her husband has been guilty of such cruel and inhuman conduct towards her that she can no longer live with him (the conduct being specified); that on March 17, 1919, he called her a vile name, and that, inasmuch as the house in which they were living is her paraphernal property, she refused to live therein with him any longer, and ordered him out; that he, however, persists in coming into the house and annoying her, wherefore she prayed for and obtained a writ of injunction, prohibiting him from so doing. Defendant thereupon ruled her into court to show cause why the injunction should not be dissolved, on the ground that the petition discloses no cause of action, and that the affidavit for the writ is untrue. The rule appears to have been argued and submitted on the face of the papers, and was made absolute on April 5, 1919, and on the same day plaintiff ruled defendant to show cause why he should not be punished for contempt, in violating the injunction, alleging that it was still in force, and that she was entitled to a suspensive appeal from the judgment ordering its dissolution. The rule for contempt appears to have been dismissed, but, within the legal delay, plaintiff was allowed a suspensive appeal, which, in due time, was lodged in this court.

In beginning the discussion of the question presented for his consideration, the judge a quo says:

"On the motion the allegations of the petition are taken to be true (Cross on Pleading, 300, 536), and the question is, whether a writ of injunction may be primarily issued [where a suit is brought by one of the spouses against the other for separation and it is alleged that the plaintiff is the owner of the matrimonial domicile] restraining the defendant from coming upon the premises."

And the words in the brackets are the only ones in the transcript which contain any

suggestion of the pendency of a suit for "separation." In the briefs of the counsel on both sides they refer to the pendency of a suit for separation from bed and board, and there is probably such a suit, but that does not change the situation so far as the judgment to be herein rendered is concerned, since the question whether an exception of no cause of action is well or ill founded, is determinable from the allegations of the petition; from which it follows that, if it were necessary, in this case, that the petition should allege the pendency of a suit for separation from bed and board or divorce, in order that it should disclose a cause of action, we should be constrained to affirm the judgment appealed from.

Article 105 of the Code of Practice declares that:

"A married woman cannot sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution of her paraphernal property or in case she holds her property separate from him by her marriage contract, or for divorce; but in no case can she sue her husband without the authorization of the court before which she brings her action."

But, in addition to the exceptional authority thus conferred upon the married woman to sue for "the restitution of her paraphernal property," Act No. 94, of 1916, p. 213, declares:

"That a married woman of this state shall be competent to contract and bind and obligate herself personally and with reference to her * * * paraphernal property, and to appear in court and to sue and be sued to the same extent and in the same manner as though she were a femme sole," etc.

—and then follow certain provisions for the protection of the status of the matrimonial community and repealing all conflicting laws or parts of laws.

In Gilbeaux's Heirs v. Cormier, 8 Mart. (N. S.) 231, decided in 1829, it was said by Judge Martin (with reference to the right of the wife to sue the husband for the restitution of her paraphernal property, independently of any suit for separation from bed and board, or divorce or for separation of property):

"It is clear, that she may demand the administration of her paraphernal estate, and consequently the restitution of that estate; for that is necessary to her administration."

And that doctrine has been inferentially or specifically recognized in Heyob v. Her Husband, 18 La. Ann. 41; Moore v. Moore, 18 La. Ann. 613, Joly v. Weber, 35 La. Ann. 806, Bordes v. Duprat, 52 La. Ann. 306, 26 South. 821, and Burns v. Thompson, 39 La. Ann. 384, 1 South. 913.

It would be unreasonable to suppose that the lawmaker, after conferring upon a married woman the right to recover from her husband, by suit, the possession of her paraphernal property, intended that she should be denied such legal process as may be necessary to protect her in the enjoyment of that possession; and if, by reason of C. P. art. 298, par. 6, it could be argued that she should be allowed a writ of injunction only as therein provided, the answer is threefold: (1) That the paragraph in question provides specific relief, by injunction, where a suit for separation of property or for separation from bed and board has been instituted, and looks to the protection of the dotal rights of the wife and her rights in the community; (2) that paragraph 5 of the same article accords to every one in the actual possession for more than a year of real property or a real right the right to a writ of injunction for its protection; (3) that Act 94 of 1916, supra, confers upon the married woman the right to sue and be sued, with reference to her paraphernal property as though she were a femme sole.

Hence we conclude that plaintiff was entitled to the injunction herein issued, and that

the trial court erred in maintaining the exception of no cause of action, and by reason thereof ordering its dissolution.

It is therefore adjudged and decreed that the judgment appealed from be annulled, the rule, taken to dissolve the injunction herein issued, dismissed, and the case remanded to the trial court to be there proceeded with according to law and to the views expressed in this opinion; the costs of the appeal to be paid by defendant, those of the trial court to await the determination of the case.