(120 So. 19)

No. 28534.

FALCONER v. FALCONER.

Jan. 2, 1929.

Addendum Opinion, Jan. 26, 1929.

Bouanchaud & Kearney, of New Roads, for appellant.

Cross & Moyse, of Baton Rouge, for appellee.

THOMPSON, J. ■ This is a suit by the wife against her husband for the restitution of the administration of her paraphernal property.

There is coupled with this demand a claim for a personal judgment against the husband for rents and revenues on a quantum meruit for the period the administration of the property was confided to the husband.

The last-mentioned demand was postponed to a settlement of the community between the parties. It should have been rejected outright. The plain provisions of the Civil Code declare that, when the paraphernal property of the wife is administered by the husband, or by him and the wife indifferently, the fruits and profits belong to the community of acquêts and gains. C. C. 2386 and 2402.

The wife therefore could have no personal action against her husband for an account of such revenues and profits.

This being true, it would amount to a legal heresy to say that the wife could recover on a quantum meruit for the use of her separate property, when such use was by the husband as head of the community and for the benefit of the community.

■ The wife, however, is permitted to resume the administration of her paraphernal property whenever she chooses to do so, and she is not, in order to claim this right, required to sue for a dissolution of the community.

This right of action is one of the exceptions to the general rule that a wife cannot sue her husband during the marriage, or as long as the marriage continues. C. of P. 105; C. C. 2387, 2391; Heyob v. Her Husband, 18 La. Ann. 41; Joly v. Weber, 35 La. Ann. 808; Burns v. Thompson, 39 La. Ann. 377, 1 So. 913; Smith v. Reddick, 42 La. Ann. 1062, 8 So. 539; Bordes v. Duprat, 52 La. Ann. 307, 26 So. 821.

The property involved is a plantation located in the parish of Pointe Coupee. It was purchased by the plaintiff from the defendant prior to their marriage. The act of sale is authentic in form, and recites a consideration of $1,000 paid in cash and the assumption by the purchaser of four notes of $500 each, secured by mortgage on the property.

The defendant in answer to the suit denied that the plaintiff was the owner of the property and denied that she paid the $1,000 cash or that she paid the notes she assumed as a part of the purchase price.

It is alleged that the plaintiff desired to turn over to defendant certain paraphernal funds, and, being engaged to marry, they agreed that the defendant would transfer the said property to the plaintiff as security for the funds turned over to him; that prior to their marriage plaintiff turned over to him $500, and that after their marriage she let him have $700 additional; and, for these reasons, it is alleged that the act of sale

should be recognized as a mortgage or security in plaintiff's favor for said $1,200.

It is alleged in the alternative that, should the court hold the said property to be paraphernal property of the plaintiff, then the defendant should have judgment against the plaintiff for $2,000, being the amount of the notes which the plaintiff assumed and which he alleges he paid, and for $5,000, being the value of improvements placed by him on the property.

The trial judge held the property to be paraphernal property of the plaintiff, and that she was entitled to the administration thereof. All moneyed demands were disallowed or postponed until the dissolution and liquidation of the community.

. From that judgment, the defendant has appealed.

In this court the defendant does not seriously contest that part of the judgment which decrees the property to be the paraphernal property of the plaintiff.

He claims, however, that he should have judgment against the plaintiff for a balance of $3,050; being the difference between the amount of funds turned over to him by the plaintiff and the amount expended by him in improvements placed on the wife's property; this amount to be paid him when the community is dissolved.

The refusal to give judgment for the claim of the husband is so obviously correct as to require no citation of authorities to sustain it.

There has been no demand for the dissolution of the community. The suit is merely for the restitution to the wife the administration of her separate property.

The adjustment of the respective rights of the parties, the liquidation of the community, has not been demanded, and has no place in this proceeding. It will be time enough to determine the respective moneyed demands against each other and against the community when a judicial dissolution of the community is demanded.

As the husband owes no accounting to the wife, or to the community of which he is the head, during the existence of the community, so also he has no right to demand an accounting from the community or from the wife for money he has expended for the benefit of the community or for the improvement of the separate property of the wife until the dissolution and liquidation of the community.

The rule is settled that the recompense due by the separate estate of the wife for improvements placed thereon, during marriage, at the expense of the community, is the enhanced value resulting to her separate estate from the improvements, at the date of the dissolution of the community.

And the same rule applies if the improvements be added by the husband out of his separate funds under like circumstances. The recompense due the husband by the separate estate of the wife is the enhanced value to her separate estate from such improvements, to be measured or ascertained as of the date of the dissolution of the community. Succession of Mrs. Roth, 33 La. Ann. 540, and authorities there cited.

It is therefore perfectly apparent, under the authorities cited, that, for improvements placed on the plaintiff's property, the defendant has no right of action except in connection with a dissolution and settlement of the community, and the measure of his claim must be the enhanced value of the property at the time of such dissolution.

The judgment appealed from is affirmed.

### Addendum.

It is stated in the opinion that there was a demand by the wife against the husband for rents and revenues on a quantum meruit for the period the administration of the property was confided to the husband.

This is not strictly correct. The claim was for rents and revenues after the wife had

demanded the return of the administration of her paraphernal property.

The error does not alter the legal principle announced, for the wife could have no personal action against her husband for an account of rents and revenues of her separate property while under his administration, either before or after demand for return of the administration.

It is due to learned counsel representing the plaintiff to say that he made no claim for rents and revenues prior to the demand made on the husband for the return of the property, but only after the date such demand was made and wrongfully refused, as alleged by the husband. The claim was made on the theory that the particular question had never been passed on by this court.