PONDER, Justice.
 

 On October 1, 1937 the plaintiff, Mrs. Frankie Maxine Peters, filed a suit against her husband, Dr. William Clyde Norris, seeking separation from bed and board on the grounds that her husband was a habitual drunkard and has been guilty of such cruel treatment towards here as to render their living together insupportable. The plaintiff asks for the custody of their two minor children; for alimony for the support of herself and her two minor children; for the return of paraphernal funds placed in the hands of her husband; for attorney’s fees and all costs. Upon trial the lower court rendered judgment for separation from bed and board on the grounds of cruel treatment, awarding the custody of the minor son, William Clyde Norris, Jr., to the plaintiff, awarding the custody of the minor daughter, Carroll Maxine Norris, to the defendant; awarding the plaintiff $60 per month alimony for the support of herself and the minor child, William Clyde Norris, Jr.; awarding the plaintiff judgment for $728 for her separate and paraphernal funds; for $75 attorney’s fees,
 
 *439
 
 judgment recognizing plaintiff as owner of one-half of the community of acquets and gains and all costs. From this judgment the plaintiff appeals.
 

 The plaintiff contends that the lower court erred: (1) In awarding the custody of Carroll Maxine Norris to the defendant, (2) in not allowing the plaintiff $150 per-month for the support of herself and the two minor children, (3) in not allowing the plaintiff interest on her claim for paraphernal funds, (4) in not allowing interest on the attorney’s fees from judicial demand, and (5) in rendering judgment recognizing the plaintiff as owner of an undivided half of community of acquets and gains when such relief was not asked for in the pleadings.
 

 It appears that the defendant, Dr. Norris, instituted a suit against his wife for separation from bed and board on the ground of abandonment which was tried on the same date of the trial of the instant suit with the understanding and agreement of both sides that separate judgments would be rendered. The lower court rejected the demands of Dr. Norris in that suit. There was no appeal taken from that judgment.
 

 In awarding the custody of the minor daughter to the defendant the lower court in its opinion stated, “With reference to the custody and possession of the children, all things considered the ■ Court believes that the defendant should be given the provisional care and custody of the daughter, Carroll Maxine. His devotion to his children is apparent and it would possibly be for the future interest of the child.” The defendant’s attorney did not appear and argue the case but submitted it by brief on behalf of the defendant. In the brief the defendant’s attorney urged that the trend of modern jurisprudence in the United States is toward an adjustment of family differences by which the child will be plac-. ed in the care of the party to the suit best able to care for it, and who is best qualified to care for its welfare and happiness. The defendant urges that it was shown on the trial that the minor daughter was particularly affectionate towards her father, desiring to be with him at all times, and for that reason the judgment of the lower court should be affirmed. It is admitted in the brief that there is no law in Louisiana that will uphold the defendant in this contention but the defendant contends that the policy of this Court should be changed in this respect. In view of the'admission that the law of Louisiana does not uphold the defendant in his contention it is unnecessary to cite authorities to that end. Under the provisions of Article 157, Rev. Civ. Code, as amended, the plaintiff is entitled to the custody of the child unless the judge shall, for the greater advantage of the child, order the child intrusted to the care of the other party. The defendant in his brief has not called our attention to any evidence showing that it would be to the best interest of the child to award the custody of it to the defendant. In the trial judge’s reasons for judgment there is no reference made to any evidence showing that it would be to the best interest of the child to award its custody to the defendant. After a careful review of the testimony we find no reason for withholding the plaintiff’s right to
 
 *441
 
 have the custody of the child. The defendant makes no contention that the plaintiff would not properly care for the child and the plaintiff's moral fitness is not even questioned. The evidence shows that the defendant could not be with the child during the daytime as he is a dentist and would necessarily have to be in his office. The evidence shows that the mother could attend the child at all times. The evidence shows that the child was born on March 15, 1931. The child being of tender age would necessarily need the care of its mother.
 

 The plaintiff contends that $60 per month for the support of herself and the minor boy is not sufficient for their support and certainly not sufficient if she is awarded the custody of both children. The evidence is conflicting as to the defendant's income. From the testimony as a whole it appears that the proportionate amount fixed by the lower court for the support of the defendant and one child is as near correct as could be ascertained. The defendant does not seek to have this amount reduced by appealing from the judgment or by answering the instant appeal. Since we have determined that the plaintiff should have the custody of both children, the amount of alimony allowed for their support should be increased. The plaintiff should be allowed $80 per month alimony for the support of herself and two minor children.
 

 The plaintiff contends that she should be awarded interest on her claim for separate and paraphernal funds from judicial demand. It' appears that the plaintiff turned over to the defendant $728, which was her separate and paraphernal funds to be administered by the husband. The property having been administered by the husband the fruits therefrom would belong to the community, Article 2386, Rev. Civ. Code. The plaintiff would be entitled to interest from the date of judgment ordering the restitution of her separate funds. Burns v. Thompson, 39 La.Ann. 377, 1 So. 913; Rowley v. Rowley, 19 La. 557; Succession of McCloskey, 144 La. 438, 80 So. 650. In the case of Jenkins v. Maier, 118 La. 130, 42 So. 722, interest was allowed from judicial demand but there was no comment in the opinion on it. While there appears to be some conflict as to whether the wife is to receive interest on her paraphernal funds from judicial demand or whether she can receive the interest only from the date of judgment, it would appear'that the weight of authority is that she receives the interest from the date of judgment. The wife would have to establish the amount of her paraphernal funds with legal precision and that they were received by the husband to be allowed her paraphernal rights. Succession of Rieger, 37 La.Ann. 104. In the case of Falconer v. Falconer, 167 La. 595, 597, 120 So. 19, 21, in the addendum the Court stated:
 

 “The error does not alter the legal principle announced, for the wife could have no personal action against her husband for an account of rents and revenues of her separate property while under his administration, either before or after demand for return of the administration.”
 

 
 *443
 
 We see no reason to disturb the judgment of the lower court as to the attorney’s fees. The suit was not a complicated one being one of separation from bed and board, custody of the children, etc., without the dissolution or division of the community and in view of the testimony in this case it appears that the amount fixed is reasonable.
 

 The plaintiff contends that the lower court erred in rendering judgment recognizing her as owner of half of the community when no such relief was asked for in her petition or in the answer of the defendant. This part of the judgment is not responsive to the pleadings. A court cannot grant a relief not asked for in the pleadings. Lobdell v. Union Bank, 8 La. Ann. 117; Winston v. Tufts, Fermor and Hobart, 10 La.Ann. 23; Castille v. Chacere, 13 La.Ann. 561; Mackey v. Thompson, 17 La.Ann. 65; Sickman v. Diamond, 34 La. Ann. 1218; Trimble v. Pleasant, 35 La.Ann. 874; Francingues v. Dupierris, 139 La. 261, 71 So. 503; Freiler Mercantile Co. v. Chaney, 146 La. 138, 83 So. 436; Derbes v. Rogers, 162 La. 49, 110 So. 84.
 

 For the reasons assigned, the judgment of the district court is amended by awarding the custody of the minor child, Carroll Maxine Norris, to the plaintiff, by awarding the plaintiff $80 per month alimony for the support of herself and the two minor children, by awarding the plaintiff 5% interest on $728 from January 11, 1938 until paid but set aside in so far as it recognizes plaintiff owner of half of the community, and in all other respects the judgment is affirmed. The defendant to pay all costs.