O’NIELL, Chief Justice.
 

 This suit was commenced as a mandamus proceeding by a married woman against a building and loan association to compel the association to issue to her a duplicáte stock certificate and pass book. The certificate and pass book-represent certain shares of stock that were subscribed for by the wife and were issued to her and are standing in her name, on the books of the corporation. She alleged that her husband had taken possession of the stock certificate and pass book without her consent and that he refused to surrender them to her. The building and loan association answered that the husband was claiming that the stock was paid for with funds that were earned by him during the matrimonial community and hence that the funds and the stock were community property. The building and
 
 *560
 
 loan association therefore prayed that the husband should be cited as defendant in the suit in order to settle the dispute between the husband and wife over the ownership of the stock. The wife then filed a supplemental petition, citing her husband as defendant and obtaining a writ of sequestration, under which the certificate and pass book were surrendered to the sheriff. The husband excepted to the suit on the ground that the wife had no right or cause of action. The exception was overruled. The husband then answered that the funds which were deposited with the building and loan association, and which were represented by the stock certificate and pass book ,in contest, were community funds, earned by him during his marriage with the plaintiff, and deposited with the building and loan association previous to the year 1932; hence he averred that, as the community had not been dissolved, he, as head and master of the community, had exclusive control over the administration and disposition of the funds represented by the stock certificate and pass book in contest.
 

 On the trial of the case the wife proved that she alone signed the subscription for the stock and that the certificate- and pass book were issued to her and in her name. The husband then offered to prove that the funds that were deposited with the building and loan association, from time to time, in payment for the stock, were funds earned by him during the matrimonial community. The attorneys for the wife objected to the testimony on the ground that, as long as the community was not dissolved, the husband could not demand reimbursement for his half of the community funds invested in property acquired in the name of his wife. The objection was founded upon the statutes, — section 13 of Act No. 120 of 1902 and section 34 of Act No. 140 of 1932 — which allow a married woman to buy stock in a building and loan association without being authorized so to do by her husband. The attorneys for the wife in this case contend that these statutes declare that all such stock so bought is the separate property of the wife. The judge reserved his ruling on the objection and heard testimony tending to prove that the stock that was bought by and in the name of the wife was paid for with community funds. Thereafter the judge sustained the objection and gave judgment for the wife, declaring that the stock in dispute was her separate property, and ordering the sheriff to deliver the stock certificate and pass book to her. The husband is appealing from the decision.
 

 It is conceded that the suit is now merely a contest between the husband and wife over the ownership of the stock in the building and loan association. The association has no interest in the outcome beyond being protected by a judicial decree in the matter of recognizing the rightful owner of the stock.
 

 The suit must stand or fall as an action by a wife against her husband for the restitution of her paraphernal property. She bases her claim upon certain provisions in section 13 of Act No. 120 of 1902 and in section 34 of Act No. 140 of 1932, which— as she contends — declare that if a married woman subscribes for stock in a building and loan association and the stock is is
 
 *562
 
 sued in her name it becomes her separate property, even though it is paid for with community funds. The husband in this case relies upon the community laws generally, and especially upon the provision in article 2334 of the Civil Code, that all property bought by either the husband or the wife during the existence of the community, and with community funds, belongs to the community, even though it is bought in the name of only one of the spouses. The husband denies that section 13 of Act No. 120 of 1902 changed the community laws in that respect, even with regard to stock in building and loan associations; and he argues that that section of the statute cannot be construed as making such a change in the community laws without rendering it unconstitutional, because no such object or purpose was indicated in the title of the act. The husband argues also that section 34 of Act No. 140 of 1932, in so far as it purports to change the community laws with regard to a married woman’s buying building and loan association stock in her own name, is not applicable to this case because the statute was enacted after the marriage was contracted and even after the stock was acquired.
 

 The provision in section 13 of Act No. 120 of 1902 which the wife relies upon is in the concluding sentence, viz.:
 

 “Married women may subscribe for, hold, withdraw, transfer, pledge, borrow upon and surrender stock in such corporations [meaning building and loan associations] without the consent or authorization of their husbands, and same shall be for her separate benefit as paraphernal property.”
 

 It is argued that the only object of that provision in the statute was to protect building and loan associations in their dealings with married women, and that there was no intention to change the community laws with regard to the relative rights of a husband and wife on property bought in her name. That interpretation is supported in some measure by the fact that the provision for purchases of stock by married women follows immediately a provision allowing purchases of stock by minors. Besides, the title of Act No. 120 of 1902 merely declared that its object was to provide for the organization, regulation, supervision and inspection of building and loan associations, and to define the rights, powers and privileges of such corporations and of the members thereof. There was no indication, in the title of the act, of an intention to change the community laws, or to do anything else but to regulate building and loan associations and to define their rights’ and the rights of their members. We find it unnecessary, however, to decide now whether this clause in section 13 of the act of 1902 changed the community laws with regard to the relative rights of the husband and wife, or to decide whether such an interpetation of that section of the act would render it unconstitutional. The reason why it is not necessary now to consider the act of 1902 is that it was superseded by Act No. 140 of 1932, codifying the laws relating to building and loan associations and embracing the whole subject matter. There is a provision in the title of the act of 1932 that takes care of the supposed defect in the title of the act of 1902. We refer to this
 
 *564
 
 clause in the title of the act of 1932, viz.: “providing that shares in the name of a married woman shall belong to her as her separate property and fixing a period of prescription to set at rest all adverse claims to shares in such [building and loan.] associations in the name of any married woman or widow”. Accordingly, in section 34 of the act of 1932, it is declared:
 

 “Married women may subscribe for, own, hold, withdraw, transfer, pledge, borrow upon and surrender shares in such associations, without the consent or authorization of their husbands, and same shall be for the wife’s or widow’s separate benefit as paraphernal property, and, during the marriage as well as after the dissolution thereof, shall not form part of the marital community or of the estate of the husband for any purpose. In all cases in which, at the time of the enactment of the present statute any husband * * * claims or pretends or believes that the said husband, or his heirs * * * have any interest or ownership or claim whatsoever, adverse to the wife’s or widow’s interest in and to any building and loan association shares in the name of said wife and widow, suit to have said ownership and interest declared and recognized must be instituted by such party or parties or association within a delay of ninety days from the date when the present statute shall go into effect, and, in the absence of such a suit, filed within said delay, the ownership of said wife or widow in and to said shares shall be and remain absolutely incontestable; and the present statutory period of prescription and repose shall run and operate against all persons whomsoever, including minors, interdicts, married women, and the State of Louisiana.” ’
 

 It appears thereforé that the Legislature, in section 34 of the act of 1932, recognized that the right which was' ac-corded — or which is said to have been accorded — to married women by section 13 of the act of 1902 might be contested by ■the husband or his heirs on the ground that that provision in the act of 1902 was unconstitutional; and the Legislature recognized that it would be unconstitutional to deprive a husband of his right to bring such a suit without first allowing him a reasonable time in which to bring it. The Legislature recognized also that, although section 34 of the act of 1932 remedied the apparent defect in section 13 of the act of 1902 in so far as subsequent purchases of building and loan stock by married women were concerned, the act of 1932 could not have any effect upon the ownership of building and loan stock that was acquired in the name of a married woman previous to the passing of the act of 1932. The Legislature, therefore, by the provisions in section 34 of the act of 1932, gave to every married man the right to sue his wife on any claim that he might have in or upon any building and loan stock that was bought in her name, provided the suit should be instituted within ninety days from the date on which the statute would go into effect. Under the general law of this state — as we shall point out hereafter — a man has no right to assert judicially against his wife a claim that is based only upon his interest in the matrimonial community as long
 
 *566
 
 as the community remains undissolved, unless it be in a suit which seeks or which may accomplish a dissolution of the community. In the present case it is admitted that the matrimonial community has not been dissolved. Hence the only right of action that the husband has had to assert judicially any community interest that he might have claimed in the building and loan stock that was bought in his wife’s name was the right of action which was accorded him by section 34 of the act of 1932; and that right of action expired ninety days after the act went into effect. That section of the act was amended and re-enacted by Act No. 337 of 1938, '§ 5, so as to read as follows:
 

 “Any married woman may subscribe for, own, hold, withdraw, transfer, give, pledge, borrow upon and surrender shares in such [building and loan] associations as a fem-me sole.”
 

 But section 34 of the act of 1932, as originally enacted, remained in effect for a period far exceeding ninety days, which was long enough for the statute of limitation and repose to have its effect.
 

 By the exception of no cause or right of action the husband denies that a woman has the right to- sue her husband for the ownership of -any property while the matrimonial community remains undissolved, without demanding also a dissolution and liquidation of the community. Article 2387 of the Civil Code allows a woman to sue her husband to regain the administration of her paraphernal property entrusted to him, and article 2391 allows a woman to sue her husband for the restitution of her paraphernal property. The rights of action granted by these articles are independent of the right of a wife to sue for a- separation of property, under article 2425 of thp Civil Code, when her separate estate is endangered by her husband’s mismanagement or by his financial difficulties. Joly v. Weber, 35 La.Ann. 806, 809. The right of a wife to sue her husband for the restitution of property claimed by her as her separate property, during the existence of the community, and without asking also for a separation of property, was recognized in the following cases: Gilbeaux’s Heirs v. Cormier, 8 Mart., N.S., 228; Hawes v. Bryan, 10 La. 136; Joly v. Weber, 35 La.Ann. 806; Smith v. Reddick, 42 La.Ann. 1055, 8 So. 539; Bordes v. Duprat, 52 La.Ann. 306, 26 So. 821; Jenkins v. Maier, 118 La. 130, 42 So. 722; Wilkinson v. Wilkinson, 147 La. 315, 84 So. 794; Falconer v. Falconer, 167 La. 595, 120 So. 19. The only discordant note in the jurisprudence on the subject-is in Viguerie v. Viguerie, 133 La. 406, 63 So. 89, where it was held that the wife, even though she was separate in property from her husband, could not sue him for the restitution of her paraphernal funds which he had borrowed from her and had spent in the cultivation of a crop of sugar cane for his own account. Viguerie had given his wife a promissory note and a pledge of the crop for the amount of her paraphernal funds which he had spent in the cultivation of the crop; but she did not sue upon the note or the contract of pledge, but acknowledged their invalidity, and sued only for restitution of the paraphernal funds which he had spent for supplies and expenses which were
 
 *568
 
 necessary for the cultivation of the crop. She did not claim the benefit of the pledge, or a lien resulting therefrom, under Act No. 66 of 1874, but claimed only the lien allowed by article 3217 of the Civil Code to secure the debt for the money actually used in making the crop. It was held, however, that Mrs. Viguerie had no cause or right of action. It would be difficult to reconcile that decision with the decision in this case, from which the husband is appealing. And it is not possible to reconcile the decision in the Viguerie case with any of the decisions which we have cited, or with the decisions in the following cases, in which it was held that the giving of a mortgage or promissory note by the husband to the wife as evidence of the debt due by him to her for paraphernal funds used by him did not defeat the wife’s right to sue for and recover her paraphernal funds, viz.: Burns v. Thompson, 39 La. Ann. 377, 1 So. 913; De Lesdernier v. De Lesdernier, 45, La.Ann. 1364, 14 So. 191; and Pascal v. Folse, 48 La.Ann. 1227, 20 So. 750. The decision in the Viguerie case, being out of line with all other decisions on the subject, ought to be, and it is now, overruled.
 

 The judge’s ruling rejecting the proof offered by the husband to show that the building and loan stock in dispute was paid for with community funds was correct. As long as the community remains undissolved the husband has no right of action against his wife to recover his half of the community funds invested in property bought in the name of the wife — either by a direct action or by way of a re-conventional demand in a suit brought by the wife for the restitution of her separate property. Smith v. Reddick, 42 La.Ann. 1055, 8 So. 539; Falconer v. Falconer, 167 La. 595, 120 So. 19. In Smith v. Reddick the wife sued for a separation of property and for the administration of her paraphernal property, and the husband filed a re-conventional demand for his share of community funds that were spent in the payment of debts of the wife. In disposing of the reconventional demand, the court said:
 

 “The husband cannot reconvene for claims of the community, and obtain judgment during the existence of the community, where she sues for the resumption of the control and administration of her paraphernal property.
 

 “The claims pleaded by way of reconvention can be recovered only when the community has been dissolved by separation of property, [or by separation] from bed and board, [or by] divorce or death.”
 

 In Falconer v. Falconer the wife sued for what she alleged was her separate property, consisting of a plantation, and the husband in his answer to the suit set up a reconventional demand for $2,000 which he alleged he had paid on the price of the property, and for $5,000 for improvements which he alleged he had made on the property. But the court rejected the reconventional on the ground that it could not be asserted “until the dissolution and liquidation of the community.”
 

 
 *570
 
 After the evidence was heard but before the judgment was rendered in this case the defendant filed what he called a plea of lis pendens, alleging that he had sued his wife for a divorce, that the suit was pending in another division of the court, that the judge in that division had granted an injunction temporarily restraining the wife from disposing of any community property, that he, the husband, was urging in that suit that the fund or account in the building and loan association, and in dispute in this suit, was community property, and therefore that this suit should be held in abeyance pending a determination of the issues in the suit for a divorce and consequent dissolution of the community. The prayer was merely that the plea should be maintained and that this suit should be held in statu quo pending a decision of the suit for a divorce. The judge overruled the plea. We affirm his ruling because any claim that the husband might have had on the building and loan stock in dispute is barred by the provisions of section 34 of .Act No. 140 of 1932. The statute bars any claim of “any interest or ownership or claim whatsoever” of the husband in or upon this building and loan stock. We express no opinion as to whether the husband will be entitled to credit for half of any community funds that went to pay for this stock, in a liquidation and settlement of the community, if he obtains a divorce and consequent dissolution of the community. That is a matter to be decided in the divorce suit. But, as far as the building and loan stock is concerned, any claim which the husband may have had is foreclosed by the provisions of section 34 of the act of 1932.
 

 The judgment is affirmed.
 

 HIGGINS, J., recused.