Louis A. Reich filed this suit in the Civil District Court for the Parish of Orleans against his wife, Mrs. Violet Long Reich, domiciled in the Parish of Orleans and John Pasturite who is alleged in the petition and is admitted to be domiciled in the Parish of St. Tammany. Petitioner alleges that from January 4, 1943, until approximately February 3, 1944, he was in the military service of the United States and that when he returned to Louisiana, immediately after his discharge from the military service, he was informed by his wife that she had sold a Hudson coach automobile, which formed part of the community of acquets and gains existing between them, to John Pasturite for the sum of $400, and that the sale had been consummated in the Parish of Orleans. He alleged also that at the time of the filing of this suit the automobile was in the possession of the said Pasturite in the Parish of St. Tammany. Petitioner avers that his said wife had no authority to make the sale and that it is therefore a nullity.
He prays that the Sheriff of the Parish of St. Tammany be ordered to sequester and take into his possession the said automobile and to hold it subject to the further orders of the Civil District Court for the Parish of Orleans, and that in due course there be judgment against the two defendants declaring the said sale to be a nullity and ordering the automobile to be returned to him.
Mrs. Reich filed exceptions of no cause of action and no right of action and Pasturite filed an exception to the jurisdiction of the court ratione personæ.
These exceptions were sustained and petitioner's suit dismissed. He has appealed.
[1] We shall first consider the exceptions of no cause of action and no right of action filed by Mrs. Reich. As pointed out in Kramer v. Freeman, 198 La. 244, 3 So.2d 609, 615:
"* * * there is no prohibition to be found either in the Civil Code or in the Code of Practice against a husband maintaining a suit against his wife. * * *"
Still, in that same case, it is shown that:
"* * * notwithstanding the absence of such provisions in our codal laws, there are certain cases in which a right of action on the part of the husband must be denied. * * *"
It is further shown that among those cases in which a right of action on the part of the husband must be denied is the case in which he attempts to sue his wife for the recovery of or an interest in property belonging to the community. The court said:
"It is well settled that a husband will not be permitted to sue his wife during marriage where the object of his action is the recovery from his wife of his interest in property belonging to the community. * * *"
This same rule that a husband may not sue his wife where there is involved an interest in the community was recognized in Carter v. Third District Homestead Ass'n, 195 La. 555,197 So. 230; Smith v. Reddick, 42 La. Ann. 1055, 8 So. 539; and Falconer v. Falconer, 167 La. 595, 120 So. 19.
Although in Kramer v. Freeman, supra, the husband was permitted to maintain an action against his wife and another person, this was allowed only because the husband was not seeking to recover community property but was claiming only "restitution by his wife of his separate property which she has unlawfully taken from him."
[2] Here the object of the suit is the recovery of property which, according to plaintiff himself, formed a part of the community. *Page 568 
Counsel for plaintiff seeks to avoid the effect of the rule recognized in the cited cases by pointing to the fact that shortly before the filing of the suit, Mrs. Reich had filed a suit against her husband for separation from bed and board. We do not see that the mere fact that there was pending another and different suit in which one of the parties to this suit had prayed for a separation from bed and board could have any effect on the well established rule to which we have referred. Counsel says in his brief that "the dissolution of the community was probably to be ordered." Even if we could indulge the presumption that on the Mere filing of such a suit there is created a probability that it will be successful, we would still find the rule of law a bar to this suit. Under the jurisprudence cited there may be no such claim against a wife by the husband unless the community has been dissolved or unless the claim for the restitution of the community property is made in the suit "* * * which seeks or which may accomplish a dissolution of the community." Carter v. Third District Homestead Ass'n, supra. [195 La. 555, 197 So. 233].
The exceptions of no cause of action and no right of action were properly maintained.
We next consider the plea to the jurisdiction ratione personæ filed by John Pasturite domiciled in the Parish of St. Tammany.
[3] It is true that there are exceptions to the general rule that a person has the right to insist that he be sued only in the court of his domicile, and that among the exceptions are those set forth in paragraph 9 of Article 165 of our Code of Practice. That paragraph reads as follows:
"Trespass. In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."
Counsel for plaintiff relies upon this paragraph in asserting the right of plaintiff to maintain in the Parish of Orleans his action against Pasturite, admittedly domiciled in the Parish of St. Tammany. He maintains that when Pasturite came into the Parish of Orleans and illegally bought and removed from the parish property of the community, he committed a trespass, or to use the words of the codal article, did something "for which an action for damage lies" and that therefore for the damage which he caused he may be sued in the Parish of Orleans where it is alleged the damage was sustained.
Without finding it necessary to discuss the very technical question of whether such an act constitutes a trespass in the sense in which the word is used in the article or is an act for which "an action for damage lies," we think it sufficient to say that there is no claim for damages asserted in this suit. The only claim is for the return of the automobile itself. Not even in the alternative is a claim for damages set forth. Paragraph 9 of Article 165 of our Code of Practice has no application here.
[4] The fact that there are two defendants, one of whom resides in the Parish of Orleans and that a solidary judgment is sought against those two defendants does not, under the circumstances shown here, alter the situation though there is set forth in Paragraph 6 of Article 165 of the Code of Practice an exception to the general rule that a person may be sued only at his domicile, that exception being that joint or solidary obligors "may be cited at the domicile of any one of them."
Where the residents of the parish in which a suit is brought against both residents and non-residents are dismissed from the suit, the suit as against the non-residents must also be dismissed for want of jurisdiction. See DeBouchel v. Koss Construction Co., Inc., 180 La. 615, 157 So. 270. There the Supreme Court, after first stating that since Paragraph 6 of the codal article establishes an exception to the general rule, it must be strictly construed, held that since the suit against the resident defendant could no longer be maintained, the suit against the non-resident must also be dismissed for want of jurisdiction ratione personæ. See also State v. Younger,206 La. 1037, 20 So.2d 305, 308. There the State of Louisiana and the Louisiana Highway Commission (now Department of Highways) brought suit in the Parish of Rapides against several defendants, one of them, Leche, who was domiciled in the Parish of St. Tammany. All of the defendants except Lache were dismissed from the suit as a result of compromises. Leche *Page 569 
filed a plea to the jurisdiction ratione personæ. When the matter reached the Supreme Court that court said:
"After the plaintiffs' suit was dismissed against the residents of the Parish of Rapides, there remained no basis upon which to hold Leche to answer plaintiffs' demand within the jurisdiction to which those defendants were amenable. * * *"
It appears, then, that this suit is not within the exception to the rule of domicile set forth in Paragraph 6 of Article 165 of our Code of Practice. Consequently, since Pasturite is domiciled in the Parish of St. Tammany, the Civil District Court for the Parish of Orleans was without jurisdiction ratione personæ. The exception to the jurisdiction was properly maintained.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.